## Supreme Court — Appellate Division, First Department.

December, 1902.

## PEOPLE v. JOHN M. SWASEY.

(77 App. Div. 185.)

1. ABDUCTION—EVIDENCE—WHEN NOT CORROBORATIVE—PENAL CODE, SEC. 282, SUB. 1.

On trial of defendant for abduction complainant and a companion gave testimony which, if credited, established that defendant committed the crime while they were in his rooms, Sunday morning, April 27, 1892. This defendant denied, and the People attempted to corroborate the complainant's story by the testimony of a physician who swore that he had examined her and that she had had sexual intercourse previous thereto but he was unable to state whether it was prior or subsequent to said date. She testified that she had led an immoral life for several years. Held, that the physician's testimony was in no sense corroborative, and that it was error to receive his testimony.

2. SAME.

Complainant testified that after the commission of the crime defendant went with her and her companion to a dry goods store and there made certain purchase for them. The saleswoman employed in the store testified that on a Sunday morning, she could not say when, the two girls came to the store with a young man and purchased certain articles. She did not identify the defendant nor did she describe such man. Held, that the saleswoman's evidence was not corroborative of the testimony of the complainant or her companion, and that it was error for the court to refuse to strike it out.

3. SAME.

Corroborative evidence, whether consisting of acts or admissions, must be of such a character as tends to prove to some extent the guilt of the accused by connecting him with the crimes charged in the indictment.

APPEAL by the defendant, John M. Swasey, from a judgment of the Court of General Sessions of the Peace in and for the city and county of New York in favor of the plaintiff, entered on the 9th day of July, 1902, convicting the defendant of the crime of abduction, and also from an order entered on

the 9th day of July, 1902, denying the defendant's motion for a new trial.

Charles E. Le Barbier, for the appellant.

Robert C. Taylor, for the respondent.

McLAUGHLIN, J.: The indictment charged the defendant with having committed three crimes: (1) Rape in the second degree; (2) assault with intent to rape, and (3) abduction, under subdivision 1 of section 282 of the Penal Code.

At the trial, at the conclusion of the People's case, upon motion of defendant's counsel, the district attorney was required to elect upon which count in the indictment he would ask for a conviction. He did so, and stated that he would go to the jury upon the third count—abduction. The trial proceeded and the defendant was found guilty of that crime, for which he was sentenced to imprisonment for a term of not less than four years nor more than four years and five months. He has appealed from the judgment of conviction and from an order denying a motion for a new trial and in arrest of judgment.

We are of the opinion that the judgment appealed from should be reversed, and having reached that conclusion it is unnecessary to state in detail the facts, many of which are revolting in their nature, further than to point out the errors committed, which require a new trial.

The third count in the indictment, under which the defendant was convicted, charged that he, on the 27th day of April, 1892, received, harbored and employed, for the purpose of sexual intercourse, one Florence Killeen, she at the time being under eighteen years of age. Upon the trial it appeared, from the testimony on the part of the People, that the defendant occupied in connection with one Edwards, certain rooms in a building in the city of New York; that on the evening of the

26th of April, 1892, the complaining witness, Florence Killeen, then under eighteen years of age, and two other girls of about the same age as herself, went to the defendant's rooms and remained there until half-past 10 o'clock, when they left; but it is not claimed that anything occurred at this time which justified a conviction; that between 12 and 1 o'clock of the following morning the complainant and one of her companions returned to the defendant's rooms, asked to be and were admitted, and remained there several hours.    It is unnecessary to state what there took place if the testimony of the complainant and her companion is to be believed, further than it is sufficient to justify the jury in convicting the defendant of the crime charged.

The defendant admitted that the girls were in his rooms on the evening of the 26th, but denied that any of them returned to or were in his rooms on the 27th.    The character of the complainant and the companion who it is claimed returned with her to the defendant's rooms on the morning of the 27th, as developed upon their cross-examination, was bad, and to such a degree that the same might properly be considered as bearing upon the credibility of the testimony given by them, and especially so when considered in connection with the testimony of the defendant, whose character prior to the charge here made against him appeared to have been uniformly good.

The learned district attorney, appreciating that a conviction could not be had upon the uncorroborated testimony of the complainant (Penal Code, sec. 283), sought to establish such corroboration in several ways.    First.  He produced a physician who was permitted to testify, against defendant's objection and exception, that twelve days after the offense was alleged to have been committed he examined the person of the complaining witness, and, as a result of that examination, was able to state that she had previously thereto had sexual intercourse, but he was unable to state when that had taken place; that it might have been prior to the 27th of April, 1892, and it might have

been intermediate that date and the time of the examination. No evidence whatever was given as to where the complainant had been, or what her conduct was during that time, and she herself testified that for several years prior to the 27th of April she had led an immoral life, and had prior thereto several times had sexual intercourse. These facts appearing, the testimony of the physician did not corroborate the testimony of the complainant in the slightest degree, or tend to show that the defendant was guilty of the crime charged against him. The court, therefore, erred, first, in receiving this testimony, and, second, in not striking it out on defendant's motion, and it cannot be assumed on this appeal that it did not injure the defendant. (People v. Wood, 126 N. Y. 249; Brauer v. City of New York, 74 App. Div. 212.)

Second. The complainant testified, and she was corroborated in some respects by her companion, Annie Blood, that after remaining in the defendant's rooms several hours on the morning of the 27th of April, the defendant went with them to a dry goods store, and there purchased for them certain articles of wearing apparel. This the defendant denied, and to establish that their statements were true the learned district attorney called a saleswoman employed in the store where it was claimed the goods were bought. The saleswoman testified that upon a Sunday morning—what month or day of the month she could not positively state—two girls came to the store with a young man, who purchased a waist and a pair of stockings, and that she recognized Annie Blood as one of the girls. She did not identify the defendant as the man who came into the store with the two girls, or made the purchases; she did not describe the man who did come, and there was nothing in her testimony from which the jury could even infer that it was the defendant.

The defendant moved that the testimony of this witness be stricken out. The motion was denied and an exception taken. We think this motion should have been granted. The testimony of the saleswoman did not connect the defendant with the

commission of the crime charged, nor did it tend to corroborate in any degree whatever the testimony of the complaining witness, or her companion, Annie Blood. The fact that they went to the store and made purchases, in company with a man, did not corroborate their statement that that man was the defendant. If it did, then it is not difficult to see how easy it would be for a witness to manufacture evidence which would corroborate statements thereafter made. Corroborative evidence, whether consisting of acts or admissions, must be of such a character as tends to prove to some extent the guilt of the accused by connecting him with the crime charged in the indictment. (People v. O'Sullivan, 104 N. Y. 481; People v. Kearney, 110 id. 188; People v. Page, 162 id. 272.) This testimony did not do that, and for that reason, as already said, defendant's motion to strike it out should have been granted. Upon a careful consideration of the whole case, therefore, we are of the opinion that justice demands that there shall be a new trial.

The judgment appealed from should be reversed and a new trial ordered.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and LAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered.