THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT FORTE, Appellant.

Argued March 10, 1938, decided April 12, 1938.

*Frank W. Holmes, Paul O. Dwyer, Leon Fishbein* and *Irving Wharten* for appellant. The court committed reversible error in charging the jury as to the presumptions they might draw from the defendant's failure to testify. (*People v. Sweeney*, 41 Hun, 332; *People v. Fitzgerald*, 156 N. Y. 253; *People v. Ryan*, 120 App. Div. 275; *People*

v. *Ferguson*, 245 App. Div. 837; *Commonwealth* v. *Harlow*, 110 Mass. 411; *Doan* v. *State*, 26 Ind. 495; *State* v. *Carr*, 25 La. 407; *People* v. *Mitchell*, 164 Mich. 583; *Leonard* v. *Territory*, 2 Wash. Terr. 381; *Linden* v. *United States*, 296 Fed. Rep. 104.)

*William F. X. Geoghan, District Attorney (Henry J. Walsh* of counsel), for respondent. The court's charge in respect of the appellant's failure to testify in his own behalf is supported by authority. (*People* v. *Smith*, 114 App. Div. 513; *People* v. *Trombino*, 238 App. Div. 61; 262 N. Y. 689; *People* v. *Erit*, 237 App. Div. 35; *People* v. *Watson*, 216 N. Y. 565; *People* v. *Minkowitz*, 220 N. Y. 399; *Ruloff* v. *People*, 45 N. Y. 213; *People* v. *Valentine*, 147 App. Div. 31; *People* v. *Hoch*, 150 N. Y. 291; *People* v. *Springer*, 137 App. Div. 304.)

HUBBS, J. Appellant has been convicted of the crime of murder in the first degree upon circumstantial evidence. At the trial he did not take the witness stand in his own behalf. During the trial testimony was introduced by the People of circumstances which no one but appellant could have explained if any explanation existed.

Section 393 of the Code of Criminal Procedure reads: " The defendant in all cases may testify as a witness in his own behalf, but his neglect or refusal to testify does not create any presumption against him."

It is urged by appellant that his statutory right has been illegally infringed by the trial court's charge to the jury. It is asserted that the charge in fact and in spirit violated the provision of the statute above quoted. The court in charging the jury said: " If, in his opinion, the evidence is insufficient to establish his guilt beyond a reasonable doubt, he may elect to stand on that right, and his failure to testify does not permit you to draw any unfavorable inference against him. But, while you may not draw any unfavorable inference because of his failure to testify, you are warranted in taking the facts and circumstances established in the case, which, if he were innocent, he *might*

*have controverted or explained, most strongly against him.* You must not be confused. The fact that he fails to testify does not permit or justify you in drawing any unfavorable inference, but if the facts and circumstances proved to your satisfaction in the case are such that if he were innocent he might controvert or explain, then you may take those facts and circumstances most strongly against him in weighing the question of his innocence or guilt."

Counsel excepted to that portion of the charge. The court then said: " The charge was that, while the jury could not draw any unfavorable inference or be prejudiced against the defendant in any way because of his failure to testify, they could take the facts and circumstances which, if he were innocent, he might controvert or explain, most strongly against him."

Testimony in the case in regard to certain facts and circumstances indicated that defendant was guilty of the crime charged. The part of the court's charge above quoted in effect instructed the jury that if he were innocent he might have explained or controverted those facts and circumstances and that his failure to do so justified the jury in taking such facts and circumstances most strongly against him. Therefore, his failure to testify strengthened the testimony against him. The charge tended to nullify the plain provision of the statute that the failure of a defendant to testify in a criminal case cannot be treated as creating a presumption against him.

We are not concerned with the wisdom of the provision of the statute. As long as it remains as a part of our statutory law it is the duty of courts to enforce it as written. Its purpose and intent cannot be weakened or nullified in any way. That has always been the attitude of this court. In the case of *Ruloff* v. *People* (45 N. Y. 213, 222) Judge ALLEN, in writing for the court, said: " Neither the prosecuting officer or the judge has the right to allude to the fact that a person has not availed himself of this statute," which conferred upon the defendant the right to be a wit-

ness in his own behalf. Later decisions have modified that statement and it is now proper for a trial judge to instruct a jury that it must obey the command of the statute and not indulge in any presumption against an accused because of his failure to take the witness stand. (*People* v. *Hayes*, 140 N. Y. 484, 496; *People* v. *Hoch*, 150 N. Y. 291.)

This court has, however, always decided that any statement of a trial judge in his charge to a jury which tended to deprive a defendant of the full protection of the statute constituted reversible error.

In the case of *People* v. *Fitzgerald* (156 N. Y. 253, 266) it was said: " In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute on this subject. The fact that the accused does not testify in his own behalf cannot be permitted to create any presumption against him. That is the plain mandate of the law, and the force of the proposition should not be weakened and destroyed with the jury by qualifying words. The learned judge, in contrasting the case as it was with the case as it would have been if the defendant had taken the stand, must have left the impression on the minds of the jury that, after all, something was to be taken against the defendant by reason of his omission to testify, and, therefore, this part of the charge was open to objection." (See, also, *People* v. *Hoch, supra; People* v. *Watson*, 216 N. Y. 565; *People* v. *Minkowitz*, 220 N. Y. 399.)

In the opinion in the case of *People* v. *Smith* (114 App. Div. 513, 517) appears a statement directly in conflict with the repeated decisions of this court. The decision in that case is disapproved.

The charge of the court deprived the defendant of an important statutory right.

The judgment of conviction should, therefore, be reversed and a new trial ordered.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment of conviction reversed, etc.