THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JOHN MANNING, Appellant.

Submitted April 15, 1938; decided May 24, 1938.

*Mordecai Konowitz* for appellant. It was reversible error for the trial court to instruct the jury with respect to the failure of the defendant to call certain witnesses. (*People* v. *Apicello,* 275 N. Y. 222; *People* v. *Kearns,* 214 App. Div. 804.) The trial court's charge to the jury was not a fair and impartial presentation of the issues. (*People* v. *Fanning,* 131 N. Y. 659; *Weare* v. *United States,* 1 Fed. Rep. [2d] 617; *People* v. *Stiglin,* 238 App. Div. 407; *People* v. *Thomas,* 240 App. Div. 101; *People* v. *Velleman,* 247 App. Div. 172; *People* v. *Raymond,* 249 App. Div. 121.) The court erred in charging that Mrs. Martello was a disinterested witness " as a matter of law." (*People* v. *Walker,* 198 N. Y. 329; *People* v. *Viscio,* 241 App. Div. 499; *People* v. *Gerdvine,* 210 N. Y. 184.)

*William F. X. Geoghan, District Attorney* (*Henry J. Walsh* of counsel), for respondent. The appellant had a fair trial and no error may be found in the court's charge. (*People* v. *Koenig,* 180 N. Y. 155; *People* v. *Johnson,* 185 N. Y. 219; *People* v. *Gilbert,* 199 N. Y. 10; *People* v. *Spriegel,* 143 N. Y. 107; *Sindram* v. *People,* 88 N. Y. 196; *People* v. *Fanning,* 131 N. Y. 659; *People* v. *Osmond,* 138 N. Y. 80; *People* v. *Leach,* 146 N. Y. 392; *People* v. *Smith,* 180 N. Y. 125; *People* v. *Persce,* 204 N. Y. 397; *People* v. *Crowley,* 102 N. Y. 234; *People* v. *Hovey,* 92 N. Y. 554.) The court properly charged the jury with respect to the appellant's failure to call certain witnesses. (*People* v. *McGovern,* 105 App. Div. 296; *People* v. *McWhorter,* 4 Barb. 438; *People* v. *Bodine,* 1 Den. 281; *People* v. *Dyle,* 21 N. Y. 578.)

LOUGHRAN, J.   Defendant appeals from his conviction of the felony of having a firearm concealed upon his person, without having a license therefor, after having been convicted of a crime.   (Penal Law, § 1897, subd. 4.)   There was evidence sufficient if credited to establish guilt beyond a reasonable doubt.

Mrs. Lillian Martello testified that in the early morning of the occasion mentioned in the indictment she was aroused by noise outside premises managed by her as a rooming house; that she looked out the window of her basement bedroom and saw the defendant standing near the stairs leading to the main entrance to the building; that she told him to go away; and that thereupon he came to the window from which she had addressed him, pointed a gun at her and said, " Open up, I am a police officer." The testimony of police officers summoned by Mrs. Martello was that when they arrested the defendant in a nearby restaurant a loaded revolver was found in a pocket of his overcoat.

In submitting the issue to the jury, the trial judge said: " I charge you that Mrs. Martello is a disinterested witness.   She has nothing to gain or lose by the outcome of the case.   I charge you that the question of interest of any witness is a matter for the jury unless, as a matter of law, that witness is charged to you by the court to be disinterested."   This was error — the more so because there was evidence of friendly relations between Mrs. Martello and the officers who arrested the defendant. (See 2 Bishop's New Criminal Procedure, § 979; *People* v. *Gerdvine*, 210 N. Y. 184.)

The trial judge also charged: " Well, gentlemen, upon the hypothesis that what Mrs. Martello testified to was true three other charges could have been made and can still be made because the Statute of Limitations has not run against it — one is, impersonating an officer, the other is disorderly conduct, and the other is assault — pointing a gun at Mrs. Martello.   But you are not concerned in

that — you cannot speculate on that — you have only one charge before you — whether or not any other charges have been made or could be made and were not made is really immaterial. If the officers had a good case on the gun they did not have to go any further." The vice of this irrelevant commentary was not alleviated by any plain direction that the jury were the sole judges of the facts. On the contrary, at the close of the charge, the trial judge said: " Questions of law are all for the court and all of these instructions on the evidence and upon the manner in which it may be considered in resolving as to its truth are instructions on the law."

In his charge the trial judge also said: " If a witness is peculiarly a witness for one side in a case and the absence of such witness is not satisfactorily accounted for by that side of the case the jury has a right to ask that, if that witness was put on the stand, that witness would not testify favorably to the side of the case. Now I charge this in reference to failure to produce Pius, who is admitted to have been there and who was used by the defense on a previous trial of this case; * * * and the short stocky man with the glasses, whose name is not mentioned, who came in with the defendant according to the testimony of other witnesses for the defense — who is he and why isn't he here and how is his absence explained? " This was error. There was evidence that some person named Pius was present when the defendant was arrested. But there is nothing in the case to suggest that this person was sworn on a former trial of the indictment or otherwise to identify him with the defendant. Nor does anything in the record tend to connect the defendant with the other man referred to, except the circumstance that they entered together the place where the arrest occurred. All else that appears in respect of that man is that he did not remain in the company of the defendant at the time.

The defendant did not testify for himself. As to this, the trial judge charged the jury: "Now, the law says that a defendant has the right to take the stand as a witness in his own behalf but for his failure or refusal to do so no inference of guilt shall be drawn against him. That means just what it says. The judge is not permitted to comment on it. You may not infer or presume innocence. You simply must not infer anything except to know that he did not take the stand, and your task is to decide the case upon the believable evidence of witnesses who did take the stand." This was error. "In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute on this subject. The fact that the accused does not testify in his own behalf cannot be permitted to create any presumption against him. That is the plain mandate of the law, and the force of the proposition should not be weakened and destroyed with the jury by qualifying words." (*People* v. *Fitzgerald*, 156 N. Y. 253, 266.)

There were also collateral proceedings before the jury that unnecessarily and inevitably prejudiced the defendant. These are sufficiently noticed in the dissenting opinion of TAYLOR, J., in the court below (253 App. Div. 744).

We are constrained to conclude that this defendant did not have the fair and impartial trial without which no person is to be deprived of his liberty under our law.

The judgments should be reversed and a new trial ordered.

LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., dissents; O'BRIEN, J., taking no part.

Judgments reversed, etc.