THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD H. FOSTER, Appellant, and MILLARD MORLEY and Others, Defendants.— Defendant appeals from a judgment convicting him of the crime of unlawful assembly (Penal Law, § 2092, subd. 1) which ordered him to pay a fine of $200 and upon failure to pay to be confined in the Tioga county jail one day for each dollar of such fine until paid. The indictment arose out of the milk strike of July, 1941, and the seizing and dumping of milk. The evidence sustains the verdict of the jury; however, the trial court in charging the jury prejudiced defendant. (*People* v. *Manning*, 278 N. Y. 40.) Some of the objectionable portions of the charge are quoted: " Now there is no question but what the property of Mr. Russell and Mr. Bennett, and the other gentleman, Mr. Ayers was taken from them forcibly and destroyed. A crime was committed, in fact three acts of crime were committed. I want to say this as aside and not necessarily as a part of my instructions to you. It is my observation that it is never practical to try and accomplish good by committing crime. Crime is always expensive by whomsoever it is committed. It is extremely expensive, and if no crime had been committed, we would not be here today. We are here because crime was committed." " Three acts of crime were committed, and it was natural that those who were affected by it felt aggrieved, and complaint was made and in due course and process of law, several men were indicted for the offense of unlawful assembly." The court mentioned several witnesses who testified that they heard the defendant direct his assistants to dump the milk, and others who testified they did not hear him give such a direction. This

is terminated with the following: " That seems to be the principal part of the evidence regarding Mr. Foster's part in the criminal part of this matter." Following these statements the charge that the jury was the sole judge of the fact was not impressive. The judgment of conviction should be reversed on the law and facts, and a new trial ordered. Judgment of conviction reversed on the law and facts and new trial ordered. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.