The People of the State of New York, Respondent, v. Elvia Sullinger, Appellant.

Second Department, December 22, 1942.

*Morris Shapiro* for appellant.

*Fred J. Loughran* (*Thomas Cradock Hughes, Acting District Attorney,* with him on the brief), for respondent.

Johnston, J. Defendant has been convicted of the crime of assault in the second degree. The facts may be briefly stated.

Complainant, a colored woman twenty-one years old, resided with her husband and two-year old child. Defendant, also colored, forty-seven years old, resided with his wife and daughter. He was in the real estate business and also active in an organization of colored people. The organization had a meeting room at No. 409 Sumner avenue, Brooklyn, where defendant had his office. Complainant knew defendant by sight. About noon on January 19, 1941, she met defendant on the street and he inquired if she was working. When she replied in the negative he suggested she accompany him to his office, and she did so on his representation that he would attempt to secure employment for her. Shortly thereafter defendant made a lascivious proposal to her. When she tried to leave he restrained her, and when she resisted his lustful advances he became infuriated and struck her on the head with a baseball bat, inflicting serious injuries. Defendant disappeared. He was not apprehended, but about six weeks after the assault he surrendered. Following his arrest defendant made a statement to the police and to an Assistant District Attorney. He then admitted taking complainant to his office, but insisted that a few minutes after their arrival complainant's husband entered and, after upbraiding him for annoying his wife, assaulted him with a knife and blackjack. When asked how complainant came to be injured, he replied that in order to protect himself he grabbed the baseball bat and in the melee she may have been struck. A transcript of defendant's statement was received as part of the People's case. Defendant offered proof but did not testify. The charge of the court was explicit and fair and no exception was taken to it.

Defendant's guilt is plain and was convincingly proved. He does not contend that the verdict is against the weight of the evidence. Having been convicted in Ohio in 1923 of the crime of shooting a woman with intent to kill, defendant was sentenced as a second offender to an indeterminate term, the maximum of which is ten and the minimum five years.

Several alleged errors are assigned, only one of which, in view of the dissenting memorandum, merits consideration.

The court charged as follows: "The defendant is a competent witness in his own behalf. He may testify or he may refrain from testifying and no unfavorable inference may be drawn against him because he has not testified. You may not say, ' Well, he was there, he knew what happened, and if the story of the girl is not true, why didn't he say so?' You must not do that, because if you do, you do him a gross injustice and violate

the law, because the law is that the People must prove his guilt. He is not required to prove his innocence. They must satisfy you of his guilt, and he may rest on the People's case itself without calling any witnesses. Unless the evidence produced by the People convinces you of his guilt, he cannot be convicted, and you must not permit yourselves to be swayed or affected in any way by the fact that he has refrained from testifying in the case."

In my opinion the jury was properly instructed as to the law and the rights of the defendant. The statute provides: "The defendant in all cases may testify as a witness in his own behalf, but his neglect or refusal to testify does not create any presumption against him." (Code Cr. Pro., § 393.)

It is asserted that the charge violated the spirit of the law. As I understand the criticism, it is that all a judge is permitted to do is to read the statute. This cannot be. True, the judge may not say anything to weaken or nullify the "purpose and intent" of the statute and any statement in the charge which tends to deprive a defendant of the full protection of the statute is error. (*People* v. *Forte*, 277 N. Y. 440, 442, 443.)

In *People* v. *Fitzgerald* (156 N. Y. 253, 266), quoted with approval in *People* v. *Manning* (278 N. Y. 40), the court said: "In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute on this subject. The fact that the accused does not testify in his own behalf cannot be permitted to create any presumption against him. That is the plain mandate of the law, and the force of the proposition should not be weakened and destroyed with the jury by qualifying words." But in that case the trial judge, after properly instructing the jury in the language of the statute, said (pp. 265, 266): "That statute does not say, however, that the jury shall consider all of the evidence as denied by him, which he might deny if he took the stand. It does not incorporate in the evidence a denial which is not there. It simply says that the jury shall consider the evidence as it is, not strengthened or weakened by the fact that the defendant does not take the stand; it does not say that the evidence shall be the same as if it contained a denial by him; it does not say that the jury shall presume that the defendant would deny all the incriminating facts if he took the stand; it says that the jury are not to presume that he would deny or admit any of the evidence, but that the jury must consider the evidence as it stands, unaffected by the fact that the defendant does not take the stand."

Obviously that charge was erroneous for, as the court pointed out (p. 266), the trial judge, " in contrasting the case as it was with the case as it would have been if the defendant had taken the stand, must have left the impression on the minds of the jury that, after all, something was to be taken against the defendant by reason of his omission to testify, * * *."

No such criticism may be made of the charge in the instant case. While the learned County Judge did add something to the language of the statute, he did not add " qualifying words." In fact, he amplified it. The additional words, which the minority hold constitute error, were not harmful but helpful to defendant, for the court warned the jury that they " may not say, ' Well, he was there, he knew what happened, and if the story of the girl is not true, why didn't he say so?' " The jury also were admonished that they " must not " resort to such reasoning " because if you do, you do him a gross injustice and violate the law. * * * ." The suggestion that the additional words were calculated to give an improper notion to the jury is wholly unwarranted. That defendant's experienced counsel did not regard the additional words as hurtful is clear, for he did not except to the charge.

I think it fair to say that in every case where this question has been before the courts, the test was whether the charge could be fairly presumed to be without harm to the defendant. In my opinion, if the words to which the criticism is directed are objectionable because they are an addition to the language of the statute, then the remaining words in the same paragraph are equally objectionable, and for the same reason.

The judgment should be affirmed.

LAZANSKY, P. J., and TAYLOR, J., dissent and vote to reverse the judgment and to order a new trial, with the following memorandum: The charge of the learned trial judge in that phase thereof which related to defendant's omission to take the stand as a witness in his own behalf constituted reversible error. The charge is sufficiently set forth in the majority opinion. In its first and second sentences it stated the law properly. (Code Cr. Pro., § 393.) It is vitiated, however, by the suggestion that the jury might not say, "Well, he was there, he knew what happened, and if the story of the girl is not true, why didn't he say so?" That suggestion was calculated to give an improper notion to the jury of the effect of defendant's rightful omission to become a witness. The subsequent sentences, quoted in the majority opinion, state good law *per se,* but do not relieve the questioned charge from the vice indicated. "In the trial of a

criminal case it can never be necessary to add anything to the plain and simple language of the statute on this subject. The fact that the accused does not testify in his own behalf cannot be permitted to create any presumption against him. That is the plain mandate of the law, and the force of the proposition should not be weakened and destroyed with the jury by qualifying words.'' (*People* v. *Fitzgerald,* 156 N. Y. 253, 266, followed in *People* v. *Manning,* 278 N. Y. 40.) The error is vital. It may not be disregarded because of the provisions of Code of Criminal Procedure, section 542. The omission of the defendant's counsel to take an exception to this charge is of no moment under the circumstances of this case and the plain inhibiting language of the Court of 'Appeals in the *Fitzgerald* and *Manning* cases (*supra*). (Code Cr. Pro. § 527.)

HAGARTY and ADEL, JJ., concur with JOHNSTON, J.; LAZANSKY, P. J., and TAYLOR, J., dissent and vote to reverse the judgment and to order a new trial, with memorandum.

Judgment of the County Court of Kings County convicting defendant of the crime of assault in the second degree affirmed.