■ THE PEOPLE OF THE STATE OF NEW YORK EX REL. ARMANDO NEGRON, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal transferred to the Appellate Division, First Department, in the interests of justice. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

## FOURTH DEPARTMENT, MAY, 1957

## (May 1, 1957)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLINTON ARTHURS, Appellant.— Judgment of conviction reversed on the law and facts and a new trial granted. Memorandum: The evidence raises a reasonable doubt as to defendant's participation in the crimes charged. The testimony of the People's witnesses to the effect that defendant stood across the street from the scene of the crime, looking from side to side, was discredited on cross-examination. The only other testimony involving defendant as a "look-out" came from an admitted participant in the crime in replying "yes" to a question by the court which contained three distinct propositions. This witness immediately corrected his testimony in this regard and repeatedly asserted defendant's innocence, notwithstanding extensive cross-examination. The opinion of the court, as displayed in its colloquy with counsel for the defendant, may well have given the impression that the court felt defendant was guilty. Furthermore, the charge of the court, relating to the possibility that the defendant was a "look-out", the question of defendant's asserted intoxication and the right of defendant to remain silent, was prejudicial and furnishes additional grounds for reversal. In charging defendant's right not to testify the court said: "If he did not choose to take the stand, that is his business." Such a statement impaired the rule that no presumption is created against the accused by his failure to testify in his own behalf. It has been said that "the force of the proposition should not be weakened and destroyed with the jury by qualifying words." (*People* v. *Fitzgerald*, 156 N. Y. 253, 266; see, also, *People* v. *Forte*, 277 N. Y. 440.) All concur. (Appeal from a judgment of Erie Trial Term, convicting defendant of the crimes of burglary, third degree, and grand larceny, second degree.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.