Michael Catalano, J.
The defendant has been convicted of violating subdivision 5 of section 70 of the Vehicle and Traffic Law in that he did unlawfully drive an automobile on the streets of Buffalo, New York, while in a state of public intoxication, such being a midsdemeanor. A jury trial was demanded and had before the City Court of Buffalo and a jury of six on October 25, 1957. The defendant was found guilty as charged and convicted. He was sentenced to pay $100 fine, 30 days in the Erie County Penitentiary, sentence suspended, placed on probation for one year, and his driver’s license was revoked.
The trial court failed to charge the jury that the defendant was presumed to be innocent until the contrary be proved. In fact, at no time did the court ever mention the word “ innocent ” or ‘ ‘ innocence ’ ’ in its entire charge. The court did charge: “ Now, there is a rule of law that in order to convict a man of any crime or offense, that a Jury must be convinced beyond a reasonable doubt of his guilt; ” but it stopped there, omitting any reference to the presumed innocence of the defendant. The attorney for the defendant made no requests to charge, nor did he take any exception thereto.
Section 420 of the Code of Criminal Procedure, entitled “ Charge to jury ” provides, in part: “ In charging the jury, the court must state to them, all matters of law which it thinks necessary for their information in giving their verdict”.
Section 389, entitled “ Defendant presumed innocent, until contrary proved. In case of reasonable doubt, entitled to acquittal ’ ’, provides: “A defendant in a criminal action is presumed to be innocent until the contrary be proved; and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal.”
When a jury trial is demanded in a criminal case, the defendant is entitled to have the jury instructed on the law as an essential of the trial, including the rule of law that a defendant is presumed to be innocent until the contrary is established beyond a reasonable doubt, and such may not be waived by failure to object and take appropriate exception. (People v. Wallens, 297 N. Y. 57, 62-63; People v. Leavitt, 301 N. Y. 113, 117.)
Judgment reversed upon the law, the fine remitted and new trial ordered.
Prepare and submit judgment accordingly. ^