Arthur Dunaif, J.
(concurring). The record and testimony of the police officer were sufficient to establish a prima facie case against the defendant.
The defendant was served with a summons on June 27, 1958. It was the same defendant who was “ pulled over ” by the officer. The question was asked of the officer: 11 Officer, did you pull over the defendant — the automobile? ” His answer was clear and unequivocal: “ Yes, I did.” There can be no doubt that it meant whether the officer stopped the car and the operator of the car which allegedly was speeding. (The car was later identified in the officer’s testimony as a 1957 Rambler Sedan, white top, black and red body.)
The officer by his answer “ Yes, I did.” was referring to the operator of the car and the very same person to whom he issued the summons and who was the identical person who answered that summons and was on trial that day.
In my opinion there was no mistake as to the identity of the defendant.
The significant fact that defendant failed to take the witness stand and contradict testimony which he could easily have contradicted, may be considered by the court. While it is true that the burden of proof never shifts, the obligation or duty of defendant’s going forward, under the circumstances and in view of the officer’s testimony, rested with the defendant. A prima facie case has been made against the defendant and it was up to him to come forward with an answer or explanation. This he failed to do by resting after the close of the People’s case.
In People v. Smith (114 App Div 513, 517) the court stated: ‘1 Although the jury were not warranted, and the court is not warranted, in drawing any inference of guilt from his failure to take the stand, both jury and court are warranted in taking the facts and circumstances, which, if he were innocent, he might have controverted or explained, most strongly against him.” (See, also, People v. Trombino, 238 App Div. 61, 65.)
It must further be borne in mind that the alleged speeding violation occurred on June 27, 1958 and that the trial took place almost 10 months later, on April 15, 1959. Could it possibly *177 be expected that the traffic officer, who testified that he had issued many summonses to traffic violators since that day, June 27, 1958, would have an independent knowledge or recollection of the identity of the defendant about 10 months later.
It is sufficient, as the testimony of the officer disclosed, that he knew that he served the summons on the defendant and that he was the same person who operated the automobile in question at the time and place set forth in the complaint.
I vote to affirm the judgment of conviction.