908

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARVEY SHAW, Appellant.— Appeal by defendant Shaw from a judgment of the Supreme Court, Kings County, rendered March 14, 1963 after a jury trial, convicting him of conspiracy, as a felony (Penal Law, § 580-a) and of carrying a dangerous weapon, as a misdemeanor (Penal Law, § 1897) and imposing sentence. This defendant was indicted and tried jointly with one Thomas Montgomery. Judgment affirmed. (See *People* v. *Montgomery,* 21 A D 2d 904.) Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY VALENTI, Appellant.— THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK CAMPAGNE, Appellant.— Appeal by the defendants from a judgment of the Supreme Court, Kings County, rendered September 4, 1963 after a jury trial, convicting them of robbery and grand larceny (both in the first degree) and of assault in the second degree, and imposing sentence. Said judgment was rendered on resentencing. Separate notices of appeal were served with respect to prior sentences (on which commitment was stayed) imposed on June 21, 1963 and July 1, 1963 for the same crimes. Appeals from judgments of June 21, 1963 and July 1, 1963 dismissed; said judgments were superseded by the latter judgment of September 4, 1963. Judgment of September 4, 1963 affirmed as to each defendant. No opinion. Beldock, P. J., Kleinfeld, Brennan and Hill, JJ., concur; Christ, J., concurs as to the dismissal of the appeal from the judgments of June 21, 1963 and July 1, 1963, but dissents from the affirmance of the judgment of September 4, 1963 and votes to reverse such judgment and to grant a new trial as to each defendant, with the following memorandum: Despite the trial court's repetitious reference (in its charge) to the People's burden of establishing the defendants' guilt beyond a reasonable doubt, the court failed to tell the jury that the defendants were "presumed to be innocent, until the contrary be proved". Such an unequivocal charge as to the presumption of innocence is required not only by statute (Code Crim. Pro., § 389), but by the fundamental law of the land. A defendant's right to such a charge is so basic and pervasive that the right will not be deemed to have been waived, lost or impaired either by his counsel's failure to request the charge or by the District Attorney's failure to insist upon it or by the court's negligence in ignoring it (cf. *People* v. *Leavitt,* 301 N. Y. 113, 117; *People* v. *Scott,* 10 Misc 2d 309, 310 and cases there cited). Such a charge is indeed the very essence of a fair trial in every criminal action. Hence, it must be concluded that here "justice requires a new trial, whether any exception shall have been taken or not, in the court below" (Code Crim. Pro., § 527).