Per Curiam.

At issue is the right of a criminally convicted defendant to a jury instruction on an addiction hearing held pursuant to sections 207 and 208 of the Mental Hygiene Law to the effect that no adverse inference may be drawn from defend *204 ant’s failure to testify in his own behalf. The Appellate Term held that constitutional limitations required such an instruction. For the reasons set forth below it is not necessary to reach the constitutional issue, it being evident that defendant is entitled by statute to stand mute and, therefore, is also entitled to the corollary instruction that his standing mute may not affect him adversely.
Section 208 gives the defendant the right to stand mute (subd. 1). This provision is in contrast to the one governing civil addiction proceedings where the statute purports to make the alleged addict subject to compulsory examination (Mental Hygiene Law, § 206). The difference in draftsmanship makes clear the legislative intention to distinguish between the two kinds of proceedings, and this difference is independent of whether the section 208 proceeding is characterized as criminal or civil (cf. People v. Fuller, 24 N Y 2d 292, 302-303). Since, therefore, defendant is entitled to stand mute it reasonably follows that the jury should be advised that his exercise of the right does not, as a matter of policy, prejudice him.
Moreover, the right in this State to the parallel jury instruction in criminal cases has been granted as a matter of statutory interpretation and application of section 393 of the Code of Criminal Procedure which provides that a neglect or refusal to testify creates no presumption against the defendant (see, e.g., People v. Forte, 277 N. Y. 440). Notably, the Supreme Court has gone no further than to forbid on constitutional grounds unfavorable comment by court or prosecution on the defendant’s failure to testify (Griffin v. California, 380 U. S. 609, 613). The same has been true in this court (People v. McLucas, 15 N Y 2d 167, 171-172).
Accordingly the order of the Appellate Term vacating the certification of addiction and remanding the proceedings for a new hearing on the issue of addiction should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Order affirmed.