■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LELAND MUIR, JR., Appellant.—Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant appeals from a judgment of conviction entered upon a jury verdict which found him guilty of manslaughter in the first degree and grand larceny in the third degree. At trial defendant neither testified in his own behalf nor presented any witness. Defense counsel timely requested that, pursuant to CPL 300.10 (subd 2), the court charge that "the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." In submitting this issue to the jury, the court stated: "Now, the defense has raised a question here about my charging you the fact that the defendant did not testify is not a factor from which any inference, unfavorable to him, the defendant, may be drawn." Due to the qualifying preface added by the court, this charge fails to comply with the statutory requirements of CPL 300.10 (subd 2). Since the charge not only weakened the intent of this statute but also, in effect, never specifically instructed the jury to apply its content, defendant is entitled to a new trial *(People v McLucas,* 15 NY2d 167; *People v Sullinger,* 265 App Div 235). Since our decision on this issue mandates reversal, we do not reach defendant's other assignments of error. (Appeal from judgment of Oneida County Court, convicting defendant of manslaughter, first degree, and grand larceny, third degree.) Present— Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.

■ ELAINE DITTMAN, Appellant, v STATE OF NEW YORK, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: Claimant was injured in an unwitnessed one-car accident when the vehicle she was operating on the Keeler Expressway left the highway about halfway into the exit ramp leading southbound to the Sea Breeze Expressway in the Town of Irondequoit, New York. The accident occurred at 12:50 A.M. on May 13, 1970. It was raining very hard and visibility was poor. Claimant testified that she was traveling at 35–40 miles per hour, less than the 50-mile per hour speed recommended for the exit ramp. She was unable to explain the accident other than to state that all of a sudden her car went off the road. The vehicle was found lodged against an electric light pole on the right hand side of the highway and claimant's body was on the ground four to five feet away. Claimant testified that before the accident she was wearing glasses, as her driver's license required, but that she removed them as the accident happened. Her glasses were not found at the scene. The trial court held that claimant was traveling at a speed too fast for existing circumstances. It held her guilty of negligence contributing to the cause of the accident. This finding is within the province of the Court of Claims and since it is not contrary to the weight of evidence, we do not disturb it *Warren v Thruway Auth.,* 51 AD2d 679). (Appeal from judgment of Court of Claims in claim for damages for personal injuries.) Present— Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.