■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL JONES, Appellant.—Judgment of Supreme Court, New York County (Jerome Hornblass, J., at suppression hearing; Shirley R. Levittan, J., at trial), rendered May 17, 1990, convicting defendant after jury trial of robbery in the first degree, and sentencing him to 2½ to 7½ years imprisonment, unanimously reversed, on the law, and the matter is remanded for a new trial.

On the trial of this indictment for a midday gunpoint robbery in a pedestrian tunnel, the basic issue was the reliability of the victim's identification of defendant as the perpetrator. Evaluation of the significance of certain inconsistencies in the victim's account of the crime was, of course, entirely for the jury. Defendant did not testify, and on this aspect the trial court charged the jury in part as follows: "[U]nder our law a defendant may, if he so desires, testify in his own behalf and it is his equal right to refrain from taking the witness stand. *The defendant here did not take the witness stand and did not testify.* I should tell you *that is frequently the decision of his attorney.* Now, the Criminal Procedure Law provides that the fact that the defendant does not testify in his own behalf is not a factor from which any inference unfavorable to the defendant may be drawn. I therefore charge you that in your deliberations you may not draw any inference unfavorable to the defendant by reason of his not testifying here in this trial." (Emphasis added.) Defendant duly excepted to the italicized passage.

CPL 300.10 (2) provides, in pertinent part: "Upon request of a defendant who did not testify in his own behalf * * * the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn."

The guiding principle for a charge on this subject should be that it is "unnecessary for the trial court to embellish" the wording of the statute *(People v Gonzalez,* 72 AD2d 508). The rule has long been established that it is never necessary to add anything to the plain and simple language of the statute on the subject of a criminal defendant's failure to take the witness stand *(People v Manning,* 278 NY 40).

The court's enlargement of the statutory language here by reference to the possible role of counsel in defendant's absence

from the witness stand was error. Although we disapprove of it, we need not decide whether such a comment would require vacatur of a conviction in all cases. Suffice it to say that in this essentially one-witness case, we find the error prejudicial in light of several comments made by the prosecutor in summation, the general tenor of which was to argue that defense counsel was "a very good lawyer" who "has blown [discrepancies in the complainant's testimony] all out of proportion", and to ask the jury not to be "fooled." The court overruled objections to these comments.

In that context, the reference to counsel's guiding hand as the reason for the exercise of defendant's constitutional and statutory right not to testify may well have impermissibly denigrated that important right (*i.e.,* creating the impression that this was yet another attempt by the lawyer to "fool" the jury), and resulted in depriving defendant of the fair trial to which he was entitled. Furthermore, in the circumstances of this case, we decline to hold that defense counsel's rejection of a "curative instruction" (which might only have further damaged defendant's position) waived the charge error. Concur— Murphy, P. J., Ellerin, Wallach and Smith, JJ.