OPINION OF THE COURT
Jasen, J.
In affirming the convictions of the defendant for robbery, *113 the Appellate Division held that although the Trial Judge erred in failing to charge in accordance with CPL 300.10 (subd 2) that no inferences unfavorable to the defendant may be drawn from his failure to testify, the error was harmless "in view of the clear and convincing proof of defendant’s guilt.”
Charged with robbing the same individual on four different occasions, the defendant chose not to testify at his trial. Defense counsel, however, requested the Trial Judge to instruct the jury as follows: "The fact that the defendant did not testify may in no way be used against him because the prosecution always has had the burden of proof, and because the burden never shifts to the defendant, the defendant is under no obligation to prove anything by offering his testimony. I charge you that the solemn requirement of our federal constitution you may draw no inference against the defendant whatsoever whereas in this case the defendant has not testified.” The court failed to comply with counsel’s request.
The statute (CPL 300.10, subd 2) provides in pertinent part: "Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn.” (Emphasis added.) Although the People concede that the Trial Judge erred in refusing to charge as requested, it is urged, nevertheless, that the failure to comply with the statute is susceptible of harmless error analysis, enunicated in People v Crimmins (36 NY2d 230), and that the application of that analysis demonstrates that the error committed in this case is harmless. Defendant, on the other hand, contends that the mandatory language of the statute, coupled with the fundamental importance of the right it protects, renders noncompliance reversible error per se.
We believe that the statutory direction to charge this specific language, where a proper request is made, is mandatory and, except in circumstances not now contemplable, immune to harmless error analysis. It is no less obligatory than the preceding provisions in the same section of the statute which read "the court must state the fundamental legal principles applicable to criminal cases in general. Such principles include * * * the presumption of the defendant’s innocence, the requirement that guilt be proved beyond a reasonable doubt and that the jury may not, in determining *114 the issue of guilt or innocence, consider or speculate concerning matters relating to sentence or punishment.” (Emphasis added.) Can there be any doubt that it would be reversible error for a Trial Judge to fail to inform a jury of the presumption of innocence, or that the guilt of a defendant be established by competent evidence beyond a reasonable doubt? So, too, we believe reversible error is committed where a Trial Judge fails to charge, as requested, that no inference unfavorable to the defendant may be drawn from his failure to testify during his trial. As Justice Birns in his dissent below stated (52 AD2d 813), "it is difficult to accept a judicial view that the word 'must’ in one sentence of the section of the Criminal Procedure Law under consideration, has a different meaning than the word 'must’ in another sentence in the same section.”
That the command in the statute is not a hollow one is further demonstrated by reference to legislative history. The Commission on Revision of the Penal Law and Criminal Code commented: "In its mandates concerning the principal matters which a trial judge conducting a jury trial must submit to the jury in its charge (§ 300.10) * * * the proposal is considerably more precise, clear and thorough than the existing Code of Criminal Procedure.” (McKinney’s Session Laws of NY, 1969, p 2353 [emphasis added].) The commission is clear in its characterization of CPL 300.10 as mandating that a Trial Judge submit the principal matters enumerated therein to the jury.
In Bruno v United States (308 US 287), the Supreme Court had occasion to pass on an analogous Federal statute. There, despite defendant’s request, the lower court had refused to instruct the jury that no adverse inferences could be drawn from his failure to testify. No Federal statute expressly mandated that such a charge be given, but defendant argued that section 632 of title 28 of the United States Code[1] implicitly created this duty.[2] In pertinent part, section 632 provides: "[T]he person so charged shall, at his own request but not *115 otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him.” The Supreme Court held that this statute implicitly required that a "no inference” charge be given when requested. Moreover, the court ruled that the refusal to so charge could not be characterized as a "technical error”, for "[o]f a very different order of importance is the right of an accused to insist on a privilege which Congress has given him.” (Bruno v United States, 308 US, at p 294, supra.)
 The cogent reasoning of the Supreme Court is even more applicable to our statute which explicitly requires the Judge to give a "no inference” charge on defendant’s request. We would be remiss if we did not honor the mandate of our Legislature. So unequivocal a directive may not be swept aside by invoking harmless error analysis. This conclusion is strengthened when the nature of the right in question is scrutinized. Both the Federal and State Constitutions guarantee the right against self incrimination. By invoking this right a defendant is relieved of the duty to testify. How diluted the exercise of this right would become, if the jury were permitted to presume guilt on the basis of a defendant’s refusal to testify. To insure that the jury would not engage in such prohibited speculation, our Legislature enacted CPL 300.10 (subd 2), which requires the Judge to admonish the jury to engage in no such speculative process.
Ignoring the statutory command would likewise undermine the presumption of innocence which attaches to all those who stand accused of criminal violations, for by drawing adverse inferences from a defendant’s silence, a juror tears from him the presumption which the law has fashioned to serve as his shield. Similarly, the burden of proof, which should abide in the prosecution, would shift in large measure to the defendant.
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, etc.

. Section 632 of title 28 of the United States Code provided: "In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offenses, and misdemeanors, in the United States courts, Territorial courts, and courts martial, and courts of inquiry, in any State or Territory, including the District of Columbia, the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him.”

. Section 632 of title 28 of the United States Code has been superseded by section 3481 of title 18, which provides: "In trial of all persons charged with the commission *115 of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him.”