■ SAMUEL Z. KARP, INC., Respondent, v S. E. & K. CORP., Appellant. S. E. & K. CORP., Appellant, v 15 CATHERINE STREET, INC., Respondent.— Order, Supreme Court, New York County, entered August 9, 1976, which in this consolidated action denied summary judgment to the defendant-appellant in Action No. 1 for conversion, and further denied summary judgment to the same party being plaintiff-appellant in Action No. 2 for the release of an escrow in connection with a contract of sale, unanimously reversed, on the law, with one bill of $75 costs and disbursements of this appeal as against plaintiff-respondent in Action No. 1 and defendant-respondent in Action No. 2, payable to appellant and summary judgment granted. S. E. & K. Corp., defendant in Action No. 1 and plaintiff in Action No. 2, the appellant herein, the purchaser of premises at 15 Catherine Street, entered into a contract of sale with the plaintiff in Action No. 1, wherein it was provided that such plaintiff, the seller of the premises, could remain in possession with a guarantee of delivery of the premises "broom-clean" after the closing, with a $5,000 escrow with the seller's attorney, impleaded herein, to insure proper delivery at the appointed time. The purchaser appellant was forced to commence summary proceedings which eventuated in a consent to the judgment of eviction. The premises, rather than being broom-clean, were filled with salvage goods which the seller did not remove, so that the purchaser had to arrange with a private carter for such removal. Seller than commenced a Supreme Court action seeking damages for conversion of the property removed by the buyer, and the buyer commenced a civil court action for the escrow amount, which two actions were consolidated. On this motion for summary judgment by the buyer, Special Term found issues of fact requiring a trial. However, the documentary evidence supports the right of the buyer, and we see no issue to prevent granting summary judgment in both actions. This, of course, does not include any award for punitive damages. Concur—Kupferman, J. P., Birns, Lane, Sandler and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JONES, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 24, 1977, convicting defendant following a jury trial of robbery in the first and second degrees and sentencing him to concurrent terms with a maximum of 10 years, unanimously reversed, on the law, and the case remanded for a new trial. The trial court inadvertently omitted to instruct the jury, as requested by defendant's counsel, to draw no inference from the failure of the defendant to testify. As appropriately conceded by the District Attorney on this appeal, the omission, although clearly an oversight, requires reversal of the conviction and a new trial. (See *People v Britt,* 43 NY2d 111.) Concur —Kupferman, J. P., Birns, Lane and Sandler, JJ.