■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODSON, Appellant.—Judgment of conviction, Supreme Court, Bronx County, rendered November 2, 1977, after trial to a jury, reversed, on the law, and the case remanded for a new trial. Amongst other errors called to our attention was an improper charge concerning defendant's alibi defense: the court did not charge unqualifiedly that an alibi which raises a reasonable doubt entitles a defendant to acquittal. *(People v Brown,* 62 AD2d 715.) Further, improper hearsay testimony concerning a detective's conversations with defendant's relatives was admitted. Additionally, without proper foundation therefor, the court permitted the prosecutor to argue that a relative of defendant was a "missing witness" under a party's control, and gave the usual charge appropriate to such a circumstance. Concur—Birns, J. P., Sandler, Sullivan, Markewich and Yesawich, JJ.

■ LOCAL 50, BAKERY, CONFECTIONERY AND TOBACCO WORKERS UNION, AFL-CIO, Respondent, v AMERICAN BAKERIES COMPANY, Appellant.—Judgment, Supreme Court, New York County, entered September 28, 1979, which, *inter alia,* granted the petition to vacate an arbitration award, unanimously reversed, on the law, with costs and disbursements, the petition dismissed, and the cross motion to confirm granted. Contrary to Special Term's finding, the arbitrator's determination that there was a transfer of operations, rather than a plant closing within the intended application of the severance pay provision of the collective bargaining agreement, was not irrational. The construction of the collective bargaining agreement was a function of the arbitrator, not the court. Nor did the arbitrator exceed his authority by admitting parol evidence as to the intention of the parties with respect to the severance pay provision. "Absent provision to the contrary in the arbitration agreement, arbitrators are not bound by principles of substantive law or rules of evidence". *(Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, 235, citing *Lentine v Fundaro,* 29 NY2d 382, 385, and cases there cited.) Moreover, and in any event, the parol evidence rule has no application to a subsequent agreement, and the rule does not exclude parol evidence of a subsequent modification or discharge of a written agreement. *(Haight v Cohen,* 123 App Div 707.) Concur—Sandler, J. P., Sullivan, Bloom, Silverman and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PURTELL, Appellant.—Judgment, Supreme Court, New York County, rendered on October 20, 1978, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Kupferman, J. P., Sandler, Sullivan, Bloom and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANK WILLIAMS, Appellant.—Judgment, Supreme Court, Bronx County, rendered on February 9, 1979, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Fein, J. P., Bloom, Silverman, Ross and Yesawich, JJ.