THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NEWTON GAYLE, Appellant.

First Department, August 14, 1980

## APPEARANCES OF COUNSEL

*Marilyn A. Kneeland* of counsel *(William E. Hellerstein,*
attorney), for appellant.

*Allen H. Saperstein* of counsel *(Steven R. Kartagener* with
him on the brief; *Mario Merola, District Attorney,* attorney),
for respondent.

## OPINION OF THE COURT

SANDLER, J.

Defendant appeals from a judgment convicting him after
trial by jury of the crimes of arson in the second degree and
related offenses.

This court previously reversed the conviction of a codefend-
ant, James Woodson, and remanded his case for a new trial on
the view that Woodson had been prejudiced by the cumulative

effect of several errors noted in the brief memorandum opinion. (See *People v Woodson,* 73 AD2d 862.) To the extent which those errors affected this defendant, they would not warrant reversal of his conviction. However, a separate issue of obvious importance is again pressed which this court did not squarely address in the *Woodson* opinion as indeed it was not required to in the view taken of that appeal.

The Trial Judge failed to instruct the jury in his charge after summations with regard to the presumption of innocence. The omission was obviously inadvertent and not called to the court's attention by either counsel. Moreover, in his introductory remarks to the jury, after jury selection, the trial court referred to the principle and noted that it had been repeatedly explained during the *voir dire.* The question presented is whether the trial court's omission in the charge required to be delivered after summations (CPL 300.10, subd 1) to state one of the "fundamental legal principles" that "must" be stated (CPL 300.10, subd 2) mandates reversal of the conviction. We think it does.

The decisions of the Court of Appeals in *People v Britt* (43 NY2d 111) and in *People v Newman* (46 NY2d 126) are central to the analysis of this question. In *People v Britt (supra)* the court was faced with the similar issue presented by a failure of the trial court, although requested to do so, to charge in accordance with the following direction in CPL 300.10 (subd 2): "Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn."

The Court of Appeals said (at pp 113-114): "We believe that the statutory direction to charge this specific language, where a proper request is made, is mandatory and, except in circumstances not now contemplable, immune to harmless error analysis. It is no less obligatory than the preceding provisions in the same section of the statute which read 'the court *must* state the fundamental legal principles applicable to criminal cases in general. Such principles include * * * the presumption of the defendant's innocence, the requirement that guilt be proved beyond a reasonable doubt and that the jury may not, in determining the issue of guilt or innocence, consider or speculate concerning matters relating to sentence or punishment.' (Emphasis added.) Can there be any doubt that it would

be reversible error for a Trial Judge to fail to inform a jury of the presumption of innocence, or that the guilt of a defendant be established by competent evidence beyond a reasonable doubt?"

The significance of the pointed reference in the quoted language to the legal consequences of a failure to charge presumption of innocence is apparent. The fact that there was here no request to charge presumption of innocence is not a distinguishing factor since the fundamental legal principle involved is one required by the statute to be included in the charge without regard to a request. However, the comment in *Britt,* it should be noted, was on its face inconsistent with a decision of the court in *People v Valenti* (16 NY2d 576 [decided in 1965]) in which a closely divided court sustained a conviction where the trial court had inadvertently failed to charge presumption of innocence. It seems probable that the following comment in the *Britt* opinion (at p 114), with regard to the significance of the adoption of the Criminal Procedure Law effective in 1967, was carefully designed to explain this apparent conflict.

"That the command in the statute is not a hollow one is further demonstrated by reference to legislative history. The Commission on Revision of the Penal Law and Criminal Code commented: 'In its *mandates* concerning the principal matters which a trial judge conducting a jury trial *must* submit to the jury in its charge (§ 300.10) * * * the proposal is considerably more precise, clear and thorough than the existing Code of Criminal Procedure.' (McKinney's Session Laws of NY, 1969, p 2353 [emphasis added].) The commission is clear in its characterization of CPL 300.10 as mandating that a Trial Judge submit the principal matters enumerated therein to the jury."

The remaining question is whether the undoubted fact that the principle had been repeatedly explained during the *voir dire* and was further referred to in the court's introductory charge renders the omission harmless error. A similar issue was considered at length by the Court of Appeals in *People v Newman* (46 NY2d 126, *supra).*

In *Newman,* the Court of Appeals held (at pp 127-128): "that, in the circumstances of this criminal case, it was reversible error for the trial court to have refused a request to charge that the People had the burden of proving every element of the crimes charged beyond a reasonable doubt when the ground for the refusal was that the court had

already so advised the jury in a preliminary address at the outset of trial." It appears that the trial court had properly instructed the jury with regard to the People's burden to prove guilt beyond a reasonable doubt but had failed in his charge to specify that the burden applied to every element of the crimes charged.

Rejecting the contention that the preliminary charge should be deemed to cure the defect, the Court of Appeals stated (p 130): "The presentation of the proofs as they have actually developed, the conflicts thereby created in the minds of jurors, the contentions advanced on interrogation and in argument by opposing counsel—these are the sort of things that turn dry-sounding legal propositions into living laws whose significance jurors will readily appreciate and apply as tools to the resolution of a case they have come to know. On the other hand, before the jurors will have experienced this exposure to the trial process, the same words, when heard by the untutored ear for the first time, may come off as little more than abstract and highsounding phraseology. A charge given as here, before any of the evidence was in and before the witnesses had been heard or seen, indeed before the lawyers had even opened on what they intended to prove, obviously is not suited to that purpose. In brief, the issue crystallization process can only achieve its potential if detailed instructions are given immediately before the jury's deliberation. Introductory remarks are no substitute (*People v Cardinale,* 35 AD2d 1073)."

From the tenor of the trial court's introductory remarks here, it may be inferred reasonably that the jurors in this case had been quite fully and repetitively instructed with regard to the presumption of innocence during the *voir dire,* a circumstance that to some extent makes this a less persuasive case for reversal than *Newman.* However, this circumstance does not significantly weaken the force and pertinence of the analysis set forth in the *Newman* passage quoted above.

Indeed, that analysis may be thought to have in one respect even greater relevance to a failure after summations to charge presumption of innocence. It is not unlikely that some jurors understand that a defendant is presumed innocent at the outset of the trial, but do not fully understand that the principle continues during the course of the trial. The need to obey scrupulously the statutory mandate with regard to instruction of this principle may therefore be reasonably consid-

ered as particularly urgent. Moreover, some 20 days elapsed here between the introductory remarks of the Trial Judge and the submission of the case to the jury.

The rule that emerges from a consideration of the opinions in *People v Britt* (43 NY2d 111, *supra)* and *People v Newman* (46 NY2d 126, *supra)* seems clear. The failure to instruct the jury in the charge required to be delivered after summations with regard to fundamental legal principles that the statute declares "must" be charged, requires reversal of any following conviction, and is "except in circumstances not now contemplable, immune to harmless error analysis." *(People v Britt, supra,* p 113.)

Accordingly, the judgment of the Supreme Court, Bronx County (TYLER, J.), rendered November 14, 1977, convicting defendant after trial before TYLER, J., and a jury, of arson in the second degree and related offenses, should be reversed and the case remanded for a new trial.

FEIN, J. P., SULLIVAN, ROSS and CARRO, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on November 14, 1977, reversed and the case remanded for a new trial.