■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CREECH, Appellant. — Judgment, Supreme Court, New York County (Stecher, J.), rendered January 25, 1980, convicting defendant of the crime of robbery in the first degree and sentencing him thereon as a second felony offender to a term of imprisonment of 7½ to 15 years, is reversed, on the law, and a new trial ordered. In his charge to the jury, the Judge did not include a charge on the presumption of innocence. This requires reversal under our decision in *People v Gayle* (76 AD2d 587, 78 AD2d 630). Concur — Sullivan, J. P., Carro and Fein, JJ.

Silverman, J., concurs in a memorandum as follows: I concur for reversal on constraint of this court's decision in *People v Gayle* (76 AD2d 587, 78 AD2d 630). As the Court of Appeals has not explicitly decided the question here involved — whether an inadvertent failure by the Trial Judge to allude in his charge to the presumption of innocence requires a reversal in all cases — I write to express my grave doubt as to whether the per se rule announced in *People v Gayle* should be the law of this State. Defendant was convicted after jury trial of robbery in the first degree (Penal Law, § 160.15). The evidence of guilt is overwhelming. Defendant was apprehended in hot pursuit and within two minutes of the crime. He was immediately identified by the victim, and the defendant had in his possession three unmistakably identifiable items that had just been taken from the victim. But in his charge the Judge inadvertently omitted to mention the presumption of innocence. He did not say anything to militate against the presumption of innocence, he simply forgot to mention it. Nobody objected or excepted — or probably even noticed — this omission. Both on the *voir dire* and in defendant's summation there had been reference to the presumption of innocence. The Judge charged the jury repeatedly that guilt and each element of the crime must be proved beyond a reasonable doubt; that the jury must determine the facts only on the evidence before it, defined as testimony and exhibits. It is impossible to believe that the verdict would have been different if the Judge had also said that the defendant is presumed to be innocent until his guilt is proved by evidence beyond a reasonable doubt. Of course it is error for a Trial Judge to omit from his charge the presumption of innocence. The question is whether such error in all cases calls for reversal of the conviction. In the *Gayle* case (*supra*), as in the present case, the Trial Judge inadvertently failed to include a charge on the presumption of innocence in his charge to the jury. There was no objection or exception. Nevertheless, this court reversed the conviction holding that such error was immune to harmless error analysis. I think a more just rule for cases involving errors or omissions in the charge with respect to the presumption of innocence is that which the United States Supreme Court has adopted for such cases, i.e., that even "the failure to give a *requested* instruction on the presumption of innocence does not in and of itself violate the Constitution * * * [S]uch a failure must be evaluated in light of the totality of the circumstances — including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors — to determine whether the defendant received a constitutionally fair trial." (*Kentucky v Whorton,* 441 US 786, 789; emphasis added.) Further, so far as the Federal Constitution is concerned, States are free to refuse to notice an error with respect to the presumption of innocence where there has been no objection or exception. (Cf. *Estelle v*

*Williams,* 425 US 501.) In *People v Thomas* (50 NY2d 467, 473), the Court of Appeals said with respect to a claim of constitutional error: "The Supreme Court has recently indicated that when the defendant claims, for the first time on appeal, that the court's charge erroneously shifted the burden of proof, the State courts are free to enforce 'the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error' (*Hankerson v North Carolina,* 432 US 233, 244, n 8)." Errors or omissions in a charge as to the presumption of innocence are merely a special case of claimed erroneous shifting of the burden of proof. Before the present Criminal Procedure Law, the Court of Appeals had sustained a conviction where the trial court failed to tell the jury that the defendants were "'presumed to be innocent, until the contrary be proved'" where apparently there had been no exception. (*People v Valenti,* 21 AD2d 908, affd 16 NY2d 576, cert den 384 US 989.) In *People v Gayle (supra),* the *Valenti* case was distinguished on the ground that it was decided before the adoption of the Criminal Procedure Law with its explicit language that "[i]n its charge, the court must state the fundamental legal principles applicable to criminal cases in general. Such principles include, but are not limited to, the presumption of the defendant's innocence". (CPL 300.10, subd 2.) But that requirement was the law long before the Criminal Procedure Law. (See *People v Leavitt,* 301 NY 113, 117.) In this respect all that the Criminal Procedure Law did was to clarify and codify the existing rule. Of course the court "must" charge on the presumption of innocence as well as on the other fundamental legal principles. The question remains whether an inadvertent omission to so charge always requires reversal, and in that respect, I do not see that the language of CPL 300.10 (subd 2) calls for a change in the pre-existing law. For instance, that same sentence in the statute lists among the principles that the court must charge "that the jury may not, in determining the issue of guilt or innocence, consider or speculate concerning matters relating to sentence or punishment." With due respect to the emphasis the Court of Appeals placed on the word "must" in *People v Britt* (43 NY2d 111, 114), I cannot believe that an omission of that statement would entitle a defendant per se to a reversal of his conviction. The danger against which that sentence guards is one favorable to the defendant, i.e., that a jury might acquit because they fear the punishment may be too harsh. The omission of that sentence leaves with the jury the temptation to so favor the defendant. In the *Britt* case (*supra*), the reversible error was the failure to give a charge which *the defendant requested* that no unfavorable inference could be drawn from his failure to testify. Here there was no request. In *People v Newman* (46 NY2d 126, 127), where the trial court refused a request to charge that the People had the burden to prove every element of the crime beyond a reasonable doubt, because the trial court had already so advised the jury in a preliminary address at the outset of the trial, the Court of Appeals said that, "in the circumstances of this criminal case," this was reversible error. Considering the totality of circumstances in this criminal case, we have the following: (a) Overwhelming and incontrovertible evidence of guilt. (b) An inadvertent omission by the court and failure by counsel to register a protest thereto at a "time * * * when the court had an opportunity of effectively changing the same." (CPL 470.05, subd 2.) The omission would surely have been corrected if called to the court's attention. (c) Obviously the omission made no impression on very experienced trial counsel. It could not have made any real difference to the jury. (d) Although a defendant is entitled to an explicit presumption of innocence instruction, we should, in determining whether the omission requires reversal, consider whether the charge performed most of the functions of a presumption of innocence charge and how far the Judge's charge fell short

of performing these functions. The presumption of innocence is most closely related to the rule that the prosecution must prove guilt beyond a reasonable doubt. (See *Taylor v Kentucky,* 436 US 478, 484 [though it adds something to it].) Here the Judge over and over charged the jury that guilt and every element of the crime must be proved beyond a reasonable doubt. While both the presumption of innocence and the requirement of proof beyond a reasonable doubt are essential parts of the charge, the proof beyond a reasonable doubt charge almost includes the presumption of innocence concept. To say that the defendant is presumed to be innocent does not imply, certainly not to a lay jury, that guilt must be proved beyond a reasonable doubt; to a lay jury it might only mean that the prosecution must come forward with some evidence (the burden of going forward) or prove guilt by a preponderance of the evidence or some other standard short of proof beyond a reasonable doubt. But even to a lay jury, the statement that guilt must be proved beyond a reasonable doubt must come very close to implying or assuming the presumption of innocence. " '[T]he presumption of innocence * * * conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, *nothing but the evidence, i.e.,* no surmises based on the present situation of the accused. This caution is indeed particularly needed in criminal cases.' Wigmore 407." (*Taylor v Kentucky,* 436 US, *supra,* at p 485.) "The 'purging' effect of an instruction on the presumption of innocence * * * simply represents one means of protecting the accused's constitutional right to be judged solely on the basis of proof adduced at trial." (*Taylor v Kentucky, supra,* at p 486.) Here the trial court explicitly instructed the jury: "Now, when I speak of fact finding, the fact finding must be based upon the evidence. The evidence consists of two bodies of information again, the testimony of the witnesses and documents or physical objects which have been received in evidence. Those and those alone are the evidence in this case." In *Taylor v Kentucky* (*supra,* at p 489), the Supreme Court expressly distinguished *Howard v Fleming* (191 US 126), where there had been no instructions on the presumption of innocence but the conviction was affirmed, on the ground that "[i]n *Howard,* however, the trial court had instructed the jury to consider only the evidence and the law as received from the court." That is just what the trial court did here. (e) The presumption of innocence was mentioned both in the *voir dire* and the defendant's summation. (f) The omission was harmless beyond any possible doubt. I do not think the interests of justice are served by a per se rule requiring reversal even in the face of the totality of such circumstances. Surely the interests of justice in the particular case are not served. Nor can such a reversal in this case have a prophylactic effect in other cases, for the omission here was a sheer inadvertence. While I am concurring in the reversal on constraint of *People v Gayle* (76 AD2d 587, *supra*), I note that in this case as in *Gayle* (see 78 AD2d 630, *supra*), we are not exercising our power to reverse "[a]s a matter of discretion in the interest of justice" (CPL 470.15, subd 3, par [c]), but rather "on the law," on the principle which *People v Gayle* establishes for this court that we have no discretion, and that thus the error in the charge presented a reviewable question of law despite the lack of objection. If we are wrong on this, then that in itself is an error of law. (Cf. *People v Thomas,* 50 NY2d, *supra* at pp 473-474.)