■ The People of the State of New York, Respondent, v Raffa Johnson, Appellant. — Judgment, Supreme Court, New York County, of February 25, 1981 (Schwalb, J., at trial; Herbert I. Altman, J., at sentence) convicting defendant after a jury trial of burglary in the third degree and criminal possession of stolen property in the third degree, and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 3 to 6 years on the burglary conviction and to an unconditional discharge on possession of stolen property, reversed, on the law, and a new trial ordered. In his charge to the jury, the Judge did not include a charge on the presumption of innocence. This requires reversal under our decisions in *People v Gayle* (76 AD2d 587, 78 AD2d 630) and *People v Creech* (90 AD2d 701). Concur — Ross, J. P., Carro, Fein and Kassal, JJ.

Lynch, J., concurs in a memorandum as follows: By a unanimous decision, our court held in *People v Gayle* (76 AD2d 587, 78 AD2d 630) that failure of the court to charge the presumption of innocence mandates a reversal. This decision was followed in *People v Creech* (90 AD2d 701) with Justice Silverman concurring solely on constraint of *Gayle*. While I do not believe we are constrained by a decision of our own court, I am persuaded that we should be

consistent in our rulings until the Court of Appeals has had an opportunity to pass upon this question. Otherwise I would affirm for the reasons stated by Justice Silverman in his concurrence in *Creech*.