■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CREECH, Appellant. — Judgment, Supreme Court, New York County (M. Stecher, J.), rendered January 25, 1980, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him thereon, is unanimously affirmed. ¶ When this appeal was before this court in 1982, we reversed the conviction, on the law, for the reason that the Trial Judge had not included a charge on the

presumption of innocence. (See 90 AD2d 701.) We considered that reversal was required under our decision in *People v Gayle* (76 AD2d 587, 78 AD2d 630). In *Gayle,* as here, the omission to charge on the presumption of innocence "was obviously inadvertent and not called to the court's attention by either counsel." (76 AD2d, at p 588.) Nevertheless, we held that that omission required reversal of the conviction and was essentially immune to harmless error analysis. (*Supra,* at p 591.) ¶ On appeal from our decision in this case (*Creech*), the Court of Appeals reversed and remitted the matter to this court "to decide whether it be appropriate to consider the question within the exercise of its discretion and to consider questions of fact." (60 NY2d 895, 896.) The Court of Appeals said (p 896): "[T]he Appellate Division's holding, that the omission in the charge necessitated a reversal of the conviction as a matter of law, was error requiring reversal and remittal to that court to permit, if it deems appropriate, the exercise of its discretionary powers to review the alleged error even in the absence of timely objection." (Accord *People v Johnson,* 61 NY2d 656.) ¶ These decisions thus establish that omission by the Trial Judge in his final instructions to the jury to mention the presumption of innocence, where the omission is not called to his attention by either party and the charge is not explicitly requested, does not raise a question of law within the meaning of CPL 470.05 (subd 2), and the appellate determination of the consequences of such an error falls within the discretionary power of the intermediate appellate court. (CPL 470.15, subd 3, par [c]; subd 6, par [a].) To the extent that our decision in *People v Gayle* (*supra*) is to the contrary, it can no longer be considered authoritative. ¶ Upon the facts of this case, we have determined not to exercise our discretion to review the alleged error. The evidence of guilt is overwhelming, defendant having been apprehended in hot pursuit within two minutes of the crime, being immediately identified by the victim, and having in his possession three unmistakably identifiable items that had just been taken from the victim. Further, the court gave very clear instructions that guilt must be proved by evidence beyond a reasonable doubt. There is just no chance that the verdict would have been any different if the court had also charged that the defendant is presumed to be innocent until his guilt be proved by evidence beyond a reasonable doubt. ¶ Of course it is the duty of the Trial Judge always to charge the presumption of innocence in his final instructions to the jury. But on the facts of this case, we think the inadvertent omission to so charge was harmless error. Accordingly, we do not deem this to be an appropriate case for the exercise of our power to reverse "as a matter of discretion in the interest of justice". (CPL 470.15, subd 6, par [a].) ¶ Nor do the other claims of error warrant interference with the judgment. Concur — Sullivan, J. P., Carro, Silverman and Fein, JJ.