■ E.S.P. ADJUSTMENT SERVICES, INC., et al., Respondents, v ASTA GROUP, INC., et al., Appellants. (Action No. 1.) JOHN P. HICKS, Respondent, v ASTA GROUP, INC., Appellant, and SANDRA ROTHENBERG et al., Respondents. (Action No. 2.)—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered October 17, 1985 in Albany County, which granted the motion of E.S.P. Adjustment Services, Inc., and David Rothenberg to compel John P. Hicks to release escrow funds in the amount of $75,000 to E.S.P. Adjustment Services, Inc.

E.S.P. Adjustment Services, Inc. (ESP) sold $1,000,000 of current receivables and $8,500,000 of delinquent accounts to Asta Group, Inc. (Asta) for $750,000. Pursuant to the terms of the contract, $75,000 of the purchase price was held in an escrow account, with John P. Hicks acting as escrow agent. The escrow fund was designed to afford protection to Asta in the event some of the accounts were discovered to be either fictitious or subject to valid defenses. Prior to the time when the escrow funds were to be released to ESP, Asta notified Hicks that it was making a claim against the escrow funds. ESP and David Rothenberg then commenced action No. 1 against Asta and two of its corporate officials alleging breach of contract, fraud and negligence. Among other things, these plaintiffs sought release of the money held in the escrow fund. Hicks commenced action No. 2 against the parties to the contract seeking a declaratory judgment regarding proper disbursement of the escrow fund. Plaintiffs in action No. 1 made a motion to compel Hicks to release the escrow funds to ESP. Although this motion was made prior to joinder of issue, it was granted and this appeal ensued.

We reverse. In the absence of a waiver, the conditions of an escrow agreement must be fully performed before escrow funds are released *(Farago v Burke,* 262 NY 229, 233; 20 NY Jur [Rev], Escrow, § 16, at 223 [1976]). Thus, in order for disputed escrow funds to be released without a trial, it must

be clear that no factual issues or viable claims exist under the closely scrutinized terms of the escrow agreement *(see, Marriott Corp. v Rogers & Wells,* 81 AD2d 556, *affd* 61 NY2d 626; *Samuel Z. Karp, Inc. v S. E. & K. Corp.,* 67 AD2d 635, *mod* 67 AD2d 872). Here, the contract provides, *inter alia,* that Asta is entitled to reimbursement from the escrow funds for any amounts which are discovered to be subject to valid defenses. In support of its claim against the escrow fund, Asta submitted an affidavit from its vice-president along with supporting documents which indicated that many of the account balances provided by ESP were significantly overstated. If, in fact, many of the accounts had already been paid or were significantly less than represented by ESP, this would certainly constitute a valid defense to Asta's attempts to collect the entire amount purported by ESP to be due. Consequently, we conclude that Asta has alleged sufficient facts which, if proven, would entitle it under the terms of the contract to payment from money held in the escrow fund.

It is also significant that the motion was premature for the reason that it was made without joinder of issue *(see, Monroe Abstract & Tit. Corp. v Giallombardo,* 54 AD2d 1084).

Order reversed, on the law, with costs against E.S.P. Adjustment Services, Inc., and motion denied. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.