■ The People of the State of New York, Respondent, v Herman Debroux, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered November 27, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

In view of the fact that the defendant did not testify in his own behalf, the trial court committed reversible error when it inadvertently failed to instruct the jury, as requested by the defendant's counsel, to draw no inference from the failure of the defendant to testify *(see,* CPL 300.10 [2]; *People v Britt,* 43 NY2d 111; *People v Jones,* 67 AD2d 635). This error, which when properly preserved for appellate review, is immune from harmless error analysis *(People v Britt, supra),* was further compounded by the court's incorrect statement in its charge that "[o]bviously, the defendant, who testified at this trial, is an interested witness".

It is true, as the People argue, that the defendant did not preserve this error for appellate review by virtue of his counsel's failure to object to the trial court's omission in its charge *(see, People v Jiminez,* 79 AD2d 1012, *mod on other grounds* 55 NY2d 895). Nevertheless, the proof of the defen-

dant's guilt was not overwhelming, and, under the circumstances of this case, we are of the view that reversal of the defendant's conviction is warranted in the interest of justice.

Finally, we note that, during summation, the prosecutor in several instances improperly vouched for his witnesses' credibility, and denigrated the defense testimony offered by the defendant's sister. These errors were unpreserved for appellate review, and would not by themselves warrant a reversal of the defendant's conviction in the interest of justice. However, we caution the People to refrain from repeating these errors at the retrial of the instant matter. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.