■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GUZMAN, Appellant.—Judgment of the Supreme Court, Bronx County (Bernard H. Jackson, J.), rendered January 12, 1989, which convicted defendant of kidnapping in the first degree and assault in the second degree and sentenced him, as a second felony offender, to concurrent terms of imprisonment of from 15 years to life on the kidnapping conviction and 2 to 4 years on the assault conviction, is modified, on the law, the facts and as a matter of discretion in the interest of justice, to reverse the conviction of kidnapping in the first degree and to remand for a new trial on that count, and otherwise affirmed.

Defendant herein contends that Criminal Term's failure to charge the jury in its final instructions pursuant to CPL 300.10 (2) that defendant was presumed innocent denied him of his due process right to a fair trial. CPL 300.10 (2) provides in pertinent part: "In its charge, the court *must* state the fundamental legal principles applicable to criminal cases in general. Such principles include, but are not limited to, the presumption of the defendant's innocence" (emphasis added). The failure to give a charge with respect to the presumption of innocence, even where inadvertent, and where the omission was not called to the court's attention, has been held by us previously to mandate reversal *(see, People v Gayle, 76 AD2d 587; People v Creech, 90 AD2d 701; People v Johnson, 95 AD2d 713, revd 61 NY2d 656).* However, the Court of Appeals subsequently held that where there has been no objection at trial to the failure to charge on the presumption of innocence, our holding that the omission, nevertheless, mandated a reversal as a matter of law was erroneous *(see, People v Creech, 60 NY2d 895, revg 90 AD2d 701, supra).* The Court of Appeals remitted to us, however, to exercise our discretionary power to review this alleged error, if deemed appropriate by us *(supra, at 896).* Upon remand, since we found the evidence of guilt to be overwhelming, we declined to exercise our discretion to review the error *(see, People v Creech, 101 AD2d 753).*

In the instant case, defendant concedes he neglected to bring the omission of the presumption charge to the attention of the trial court. Since defendant admitted to committing the assault upon the complainant, we decline to review the alleged error of the omission of the presumption of innocence charge with respect to the conviction of assault in the second degree. However, our examination of the record demonstrates that the evidence of defendant's guilt of kidnapping was not overwhelming. The issue was one of credibility as between defendant and complainant and her sister. An indication of

how close the jury viewed this issue is demonstrated by defendant's acquittal of sodomy and rape charges in the indictment. Under these circumstances, the inadvertent failure of the court to charge the presumption of innocence in its final instructions to the jury cannot be considered harmless error *(cf., People v Creech,* 101 AD2d 753, *supra)* with respect to the conviction for kidnapping in the first degree. We therefore reverse this conviction in the exercise of discretion and remand for a new trial.

We have examined defendant's remaining contention with respect to the prosecutor's alleged violation of the pretrial *Sandoval* ruling and find it to be without merit. Concur— Carro, Rosenberger and Asch, JJ.

Sullivan, J. P., dissents in a memorandum as follows: Since I am of the opinion that there "is just no chance that the verdict would have been any different" if the court had included a charge on the presumption of innocence ·*(People v Creech,* 101 AD2d 753, 754), I would affirm the judgment in all respects. In its final charge, the court clearly instructed the jury, as it had done in its preliminary instructions, that defendant "was under no obligation to prove anything" and that the People have "the burden of proving the defendant's guilt beyond a reasonable doubt with respect to each and every element of the crimes charged." In addition, the testimony of the complainant and her sister provided overwhelming proof of defendant's guilt of kidnapping; the People's case established that defendant, pulling the complainant's hair and twisting her arm, "dragged" her from her sister's apartment to his mother's apartment several blocks away and then forced her to accompany him to an abandoned apartment where he kept her against her will for more than 24 hours. That defendant testified as to a contrary version of the incident and that credibility was the main issue for the jury to resolve does not weaken the probative force of the People's case.

The majority relies on defendant's acquittal of the sodomy and rape charges as an indication of how close the jury viewed the issue of credibility; however, given the relationship that existed between defendant and the complainant, i.e., "common-law" husband and wife for 10 years and the parents of three children, albeit separated for the four months immediately preceding the crime, it cannot be inferred from the acquittal that the question of defendant's guilt of kidnapping was a close one. This is especially so since the court, in charging on the sex offenses, defined a victim as "any female

who is not married to the actor." In that regard, the court also defined the relationship of husband and wife as one "which may be recognized by law." Thus, the jury might well have excluded the complainant from the protected class for whom the rape and sodomy statutes were intended.