■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MOBLEY, Appellant.—Judgment of the Supreme Court, New York County (Alvin Schlesinger, J.), rendered April 27, 1989, convicting defendant after a jury trial of robbery in the first degree, attempted assault in the second degree, and criminal possession of a weapon in the third degree, for which defendant was sentenced as a predicate felony offender to concurrent terms of 4½ to 9 years, and two terms of 2 to 4 years, respectively, unanimously affirmed.

Defendant was convicted after an altercation on the first floor of the main branch of the New York Public Library on 42d Street and Fifth Avenue. Defendant, upon being asked to move out of an off-limits area on the first floor by security personnel, verbally abused these personnel, and finally drew a knife, with which he threatened a security guard. Defendant then fled from the library, in possession of a reference book belonging to the public library. Evidence also was received from the manager of the bookstore within the library. Two weeks previously, the manager found the bookstore broken into during the night and several books missing. Shortly afterwards, defendant was found selling these books outside on the corner. The manager also observed defendant in the August 15th altercation, and identified defendant at trial as the perpetrator on both occasions.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence.

Evidence that defendant on the prior occasion possessed books which had been stolen from the bookstore on the premises of the library, was properly admissible as proof of defendant's intent to steal the reference book on August 15. This evidence was not introduced solely to demonstrate defendant's criminal propensities *(see, People v Molineux,* 168 NY 264). Rather, defendant's own theory of the case was that proof of intent to steal on August 15th was equivocal. As such, the disputed evidence, which was probative of intent, was properly admissible when other evidence of intent fell "short of demonstrating that the defendant acted with a particular state of mind" *(People v Alvino,* 71 NY2d 233, 242).

Counsel in the present case requested that the court provide a no adverse inference charge, with respect to defendant's election not to testify (CPL 300.10). As such, submission of the charge was mandatory. However, as defendant concedes, the court's initial failure to provide the charge was inadvertent.

After providing the final charge, the court provided counsel an opportunity to except to the charge as given, or to make further requests, which counsel expressly declined. Only after a jury note indicated that the jury had reached a verdict, did the court alert counsel that it had failed to provide such instruction. The court then indicated its intent to instruct the jury to withdraw its verdict, followed by submission of the instruction. Counsel did not object to providing the instruction, but simply moved for a mistrial. The court proceeded as proposed, and the jury returned a verdict of guilty, shortly thereafter.

The present case presents clear statutory error, rather than constitutional error. Nevertheless, the Court of Appeals has noted that even for constitutional error, there is "no justification for departing from the requirement that trial court error * * * must be brought to the court's attention by protest timely made * * * where the error if called to the court's attention is readily susceptible to effective remedy." *(People v Narayan,* 54 NY2d 106, 112.) It also is well-established that "[w]hen a Judge grants a request to charge and then fails to deliver the charge as requested, the requesting party has an obligation to draw the error to the Judge's attention." *(People v Whalen,* 59 NY2d 273, 280.) We find no basis to alter the normal rules of preservation when the court fails to provide a requested no adverse inference charge. Since this case does not present cumulative or other substantial error, we decline to review in the interest of justice *(compare, People v Debroux,* 133 AD2d 231).

Finally, we have examined defendant's *pro se* claim that the prosecutor improperly cross-examined him before the Grand Jury with respect to prior offenses. During the course of this cross-examination, defendant disputed whether he had been convicted of misdemeanors, or felonies, arising out of a 1971 incident. On the basis of this record, defendant has not demonstrated that the prosecutor lacked a good faith basis for the cross-examination, or otherwise acted improperly. Concur— Murphy, P. J., Sullivan, Kassal and Smith, JJ.