◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered October 29, 1990, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 2:40 P.M., on January 9, 1990, the defendant and a group of 15 or more accomplices, perpetrated three successive robberies during a crime spree aboard a subway train. All three victims identified the defendant the next day during a canvass of the subway station where the mob had boarded and, furthermore, each identified the defendant in court. Following summations, at the request of defense counsel, the court postponed the jury charge for one week, because a two-day religious holiday, observed by at least one defense counsel, began the next day, followed by a three-day weekend as a result of a national holiday. The defendant contends that the intervening one-week period between summations and the jury charge is violative of the Criminal Procedure Law. We disagree.

Under the circumstances presented here, the court acted properly in postponing its charge in order to accommodate the specific request of defense counsel. The Criminal Procedure Law requires only that instructions to the jury be given after summations *(see,* CPL 260.30, 300.10 [1]; *People v Newman,* 46 NY2d 126). Here, the court did not deviate from the statutorily-prescribed order of proceedings. Since the charge was given after summations and immediately before the commencement of deliberations, "the issue crystallization process" was preserved *(see, People v Newman, supra,* at 130).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.