■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PAGAN, Appellant. [607 NYS2d 280] —Judgment, Supreme Court, New York County (Edward A. Sheridan, J.), rendered January 2, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and, sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Order, same court and Justice, entered May 27, 1993, which denied defendant's motion, pursuant to CPL 440.10, unanimously affirmed.

During the early evening hours of April 29, 1991, in the vicinity of the corner of Broome and Eldridge Streets, defen-

dant was arrested for selling a glassine of heroin to an undercover police officer for $10.00 in prerecorded buy money. When arrested, the buy money was recovered from defendant.

Contrary to defendant's contention, the court properly modified its earlier *Sandoval* ruling. Since defendant's direct testimony was misleading, the court properly permitted the prosecutor, on cross-examination, to elicit that in 1988 the defendant was convicted of attempted criminal sale of a controlled substance in the third degree. It is well settled that "[a] *Sandoval* ruling does not allow a defendant to deceive the jury and be free from confrontation, as a defendant who takes the stand is obliged to speak truthfully and accurately." *(People v Santiago,* 169 AD2d 557, 558, *lv denied* 77 NY2d 1000.)

Defendant's argument that he was denied a fair trial by the prosecutor's comments on summation about how the police selected the area where the buy took place and that the testimony of the police witnesses was credible, has not been preserved for review (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to review, we would find that the area reference constituted a fair comment on the evidence, and that the assertion that the police had no motive to fabricate their testimony was a fair response to defendant's own direct testimony that those witnesses had lied about him *(see, People v Rodriguez,* 159 AD2d 356, 357, *lv denied* 76 NY2d 795).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.