■ The People of the State of New York, Respondent, v Patrick Rich, Appellant. [615 NYS2d 676] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered September 18, 1991, convicting defendant, after a jury trial, of attempted burglary in the third degree and possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference (*People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter

of law to support the verdict finding defendant guilty beyond a reasonable doubt of attempted burglary in the third degree and possession of burglar's tools. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The credibility issues raised by defendant were properly placed before the jury and, after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason on the record before us to disturb the jury's determination to credit the arresting officers' testimony rather than defendant's.

The court did not abuse its discretion in modifying its *Sandoval* ruling to allow the prosecutor to inquire into the facts underlying defendant's prior convictions in the circumstances here presented, the court having specifically cautioned trial counsel that the ruling was subject to change depending on defendant's testimony. The defendant opened the door to such inquiry in the explanations given in his direct testimony *(see, People v Brugman,* 199 AD2d 202, *lv denied* 83 NY2d 849).

Nor is there merit to defendant's unpreserved argument that an inculpatory statement was admitted without notice in violation of CPL 710.30, notice not being required for statements, such as this, that are introduced to impeach the defendant *(see, People v Acosta,* 180 AD2d 505, 509, *lv denied* 80 NY2d 827). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Williams, JJ.