■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE HILL, Appellant. [618 NYS2d 641] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered January 22, 1991, convicting defendant, after jury trial, of criminal posses-

sion of a weapon in the third degree, and sentencing him to a term of 1½ to 4½ years, unanimously affirmed.

Defendant's current claims of prosecutorial misconduct in summation are unpreserved by objection *(People v Gould,* 181 AD2d 543, *lv denied* 79 NY2d 1049). In light of the overwhelming evidence against defendant, we decline interest of justice review.

Defendant also did not preserve his current claim that the trial court's characterization of the People's position versus the defendant's position as a "dispute", and its references in the jury charge to determinations of "the truth" in connection with credibility and factual issues deprived him of a fair trial *(see, People v Flecha,* 161 AD2d 116, *lv denied* 76 NY2d 856; *People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). In any event, contrary to defendant's current argument, such references did not serve to replace the People's beyond a reasonable doubt burden of proof with "a search for the truth", or to diminish the People's burden of proof, as the court repeatedly instructed the jury regarding the People's burden of proving defendant's guilt beyond a reasonable doubt *(see, People v Rawls,* 187 AD2d 353, *lv denied* 81 NY2d 845). In this connection, we note that defendant specifically approved of the trial court's supplementary instruction to the jury, made at defense counsel's request, that the jury's function included a determination of "where is the truth" on the issue of whether or not defendant possessed a loaded gun at the time and place in question. Concur—Rosenberger, J. P., Kupferman, Asch and Tom, JJ.