■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY HUYNH, Appellant. [626 NYS2d 159] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered October 27, 1992, which convicted defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentenced him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's claim that the court's interested witness charge was improper because it precluded the jury from finding that the police officers who testified for the prosecution could also be interested witnesses is unpreserved for appellate review as a matter of law and we decline to review it in the interest of justice. Were we to review the claim, we find it to be without merit. While the court charged the jury that defendant was "the only witness who [had] an interest in the outcome of the case, as a matter of law", the charge, viewed as a whole, was properly balanced since the court also instructed the jury that there was no legal presumption that an interested witness lies or that a witness who has no apparent interest in a case tells the truth. Moreover, the court charged the jury that bias or interest in the case were relevant considerations in making its credibility determinations.

Defendant's claim that the burden of proof was improperly

shifted because the court instructed the jurors that it was their duty to determine the "truth" and "what really happened" is also unpreserved as a matter of law and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit since the court "repeatedly instructed the jury regarding the People's burden of proving defendant's guilt beyond a reasonable doubt" *(People v Hill,* 209 AD2d 224, 225, *lv denied* 84 NY2d 1012).

Defendant contends that he was denied a fair trial because the prosecutor went beyond the scope of the court's *Sandoval* ruling by inquiring whether he had used three different aliases to deceive the police. He also argues that the curative instruction given on the subject was improper. Contrary to defendant's first claim, the prosecutor's inquiry regarding defendant's use of his aliases was not improper since the court specifically permitted cross-examination on that topic. Such ruling was plainly proper *(People v Walker,* 83 NY2d 455). Further, defendant placed his credibility in issue when he testified that his use of aliases resulted from his confusion about his real name, and thus opened the door to the prosecutor's inquiry *(People v Rich,* 207 AD2d 299, *lv denied* 84 NY2d 909). Defendant's claim that the curative instruction erroneously advised the jury that they could consider the prosecutor's questions "for any purpose at all" is unpreserved as a matter of law and we decline to review it in the interest of justice. While the court should have instructed the jury that the testimony concerning defendant's aliases could only be used to assess the defendant's credibility, any prejudice was diminished by the limited nature of the inquiry and the fact that defendant testified on redirect about his innocent reason for using aliases *(see, People v Rivera,* 180 AD2d 560, *lv denied* 80 NY2d 837). Concur—Murphy, P. J., Ellerin, Rubin, Tom and Mazzarelli, JJ.