■ The People of the State of New York, Respondent, v Robert Cole, Appellant. [629 NYS2d 404] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered August 18, 1993, convicting defendant, after jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 4 to 8 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crime charged was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932). An independent review of the facts indicates that the jury accorded appropriate weight to the credible evidence (*People v Bleakley*, 69 NY2d 490). The jury reasonably determined that the complainant

initially offered only limited resistance to the taking of his property because defendant stated that he had a gun and gestured with his hand in his pocket. Although the complainant testified further that, at some point after the taking of the property, he thought that perhaps defendant did not really have a gun and thus made an aggressive attempt to retrieve his property, the evidence supports the jury's determination that the complainant's property was forcibly taken by defendant, who threatened the use of a gun and displayed what appeared to be a firearm by gesturing with an object in his pocket that the complainant felt to be "sharp" and believed could have been a gun (*People v Baskerville*, 60 NY2d 374, 381).

Defendant did not preserve by appropriate objection his current claims of improper cross-examination and prosecutorial misconduct in summation (CPL 470.05). In any event, the prosecutor did not violate the court's *Sandoval* ruling, which permitted questioning of defendant regarding the fact that he had a prior felony conviction. The prosecutor's elicitation on cross-examination that defendant had in the immediate past falsely indicated, on an application for employment testified to on direct examination, that he had no such conviction was addressed only to defendant's willingness to be untruthful when it furthered his interests to do so (*see, People v Walker*, 83 NY2d 455, 461). Further, as this evidence was properly before the jury, the prosecutor properly commented thereon in summation (*People v Galloway*, 54 NY2d 396), particularly in light of the defense summation comments regarding credibility (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912). Concur— Kupferman, J. P., Ross, Asch, Nardelli and Tom, JJ.