■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JENKINS, Appellant. [628 NYS2d 669] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered February 17, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Viewed in a light most favorable to the People (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932) the evidence of defendant's drug-induced state while sitting in a parked vehicle in which cocaine was found was legally sufficient to show defendant's constructive possession of the cocaine. Defendant's claim that the prosecution failed to establish his knowledge of the weight of the drugs found in the vehicle was not preserved by an appropriate objection (*People v Gray,* 86 NY2d 11), and we decline to reach it in the interest of justice. Defendant's claim that the court improperly allowed the officers to testify that he suffered from cocaine psychosis was not preserved by objection to such testimony, or to the court's instructions on the relevance of such testimony. In any event, the reference to psychosis, even if error, was harmless, because one of the officers, who had made more than 50 narcotics arrests, testified that defendant exhibited behavior similar to other individuals under the influence of drugs (*cf.*, Richardson, Evidence § 366 [Prince 10th ed]). Defendant's claim that the court improperly denied his motion for a continuance is without merit, as he failed to serve subpoenas or make an effort to secure the witness's testimony (*People v Villegas*, 190 AD2d 593, *lv denied* 81 NY2d 978). Finally, defendant's claim that the court improperly exceeded its *Sandoval* ruling by its own questioning of defendant is unpreserved for appellate

review as there was no objection interposed to such questioning. Furthermore, even if we were to address the claim, we would find it to be without merit in view of defendant's misleading testimony on direct that he had had a life free of crime during a period of time that defendant was, in large part, incarcerated (*see, People v Pagan*, 201 AD2d 284, 285, *lv denied* 83 NY2d 875). Concur—Ellerin, J. P., Wallach, Kupferman, Ross and Mazzarelli, JJ.