■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY JACKSON, Also Known as CORY JACKSON, Appellant. [649 NYS2d 779] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered April 13, 1994, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient, indeed overwhelming, evidence and was not against the weight of the evidence. Defendant's claim that the prosecutor violated the court's *Sandoval* ruling during his cross-examination of defendant is unpreserved for appellate review (*People v Cole*, 216 AD2d 128, *lv denied* 86 NY2d 872), and we decline to review it in the interest of justice. Were we to review it, we would find that even if there were any error, it was harmless in view of the overwhelming evidence of defendant's guilt (*People v Varella*, 213 AD2d 184, *lv denied* 85 NY2d 944).

Also unpreserved are most of defendant's complaints regarding the prosecutor's summation (*People v Ramirez*, 227 AD2d 174), and we decline to review them in the interest of justice. We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.

■ In the Matter of SHINIQUA J., a Person Alleged to be a Juvenile Delinquent, Appellant. [649 NYS2d 427] —Order of disposition, Family Court, Bronx County (Jody Adams, J.), entered on or about June 13, 1995, which adjudicated respondent a juvenile delinquent and placed her on probation for 12 months, following a fact-finding determination that she committed an act which, if committed by an adult, would constitute the crime of attempted robbery in the second degree, unanimously affirmed, without costs.

The finding was supported by legally sufficient evidence, including that as the complainant was holding a $20 bill, respondent demanded her money and tried to grab it from her, scratching her hand with her fingernails when she resisted, and then, with the corespondent, kicking, punching and pushing her. The failure of the presentment agency to call the complainant's cousin as a witness is of no moment because the cousin's testimony would have been cumulative (*see, People v Gonzalez*, 68 NY2d 424, 427). Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.