■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MEDINA, Appellant. [658 NYS2d 877] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered May 3, 1994, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $7^1/_2$ to 15 years and $3^1/_2$ to 7 years, respectively, and order of the same court and Justice, entered

on or about January 25, 1996, denying defendant's motion pursuant to CPL 440.10 to vacate that judgment, unanimously affirmed.

Defendant did not preserve for appellate review his current claim that the prosecutor violated the trial court's *Sandoval* ruling by questioning defendant regarding a prior conviction for criminal possession of a weapon in the fourth degree (*People v Jackson*, 233 AD2d 104, *lv denied* 89 NY2d 924), and we decline to review it in the interest of justice. Were we to review it, we would find the error, if any, harmless in light of the overwhelming evidence against defendant.

Defendant's largely unpreserved claims of misconduct by the prosecutor during summation are without merit.

The trial court properly denied defendant's CPL 440.10 motion without a hearing because defendant's claim regarding the sufficiency of the Grand Jury presentation was previously determined on the merits (CPL 440.10 [3] [b]), and his claim that the indictment was facially insufficient is refuted by the indictment filed with the court (CPL 440.30 [2]). To the extent that the motion purportedly raised other issues, it was properly denied (*see*, CPL 440.30 [4]). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Mazzarelli, JJ.