FOURTH DEPARTMENT, FEBRUARY, 1998

(February 4, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL ADAMS, Also Known as DAVID HUNT, Appellant. [668 NYS2d 844] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied effective assistance of counsel by counsel's failure to move for a severance, to conduct an adequate cross-examination of the victim and to speak on defendant's behalf at sentencing. The indictment alleged that defendant and codefendant each intentionally aided the other in the commission of robbery in the first degree and burglary in the first degree. At trial, defendant and codefendant asserted defenses that complemented each other with respect to accomplice liability, and defendant has failed to demonstrate circumstances that would have justified a severance (*see, People v Mahboubian*, 74 NY2d 174, 183-184; *People v Cruz*, 66 NY2d 61, 73-74, *revd on other grounds* 481 US 186). Counsel for defendant questioned the victim regarding the seriousness of his head injury and conducted an adequate cross-examination of the victim. Speculation that a more vigorous cross-examination might have produced testimony concerning promises made by the People to procure the victim's testimony does not establish ineffectiveness of counsel (*see, People v Peralta*, 225 AD2d 50, 53-54, *lv denied* 89 NY2d 945). Absent some showing that, in addition to defendant's plea for leniency, counsel could have articulated some basis for leniency, the failure of counsel to speak on defendant's behalf at sentencing does not constitute ineffective assistance of counsel (*see, People v Millington*, 111 AD2d 993, 994-995). In sum, we conclude

that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," establish that defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contentions, raised in his *pro se* supplemental brief, that County Court erred in failing to instruct the jury on the presumption of innocence (*see*, CPL 470.05 [2]; *People v Creech*, 60 NY2d 895, 896); that the prosecutor violated the court's *Sandoval* ruling by cross-examining defendant regarding his prior involvement with drugs and the use of aliases (*see*, CPL 470.05 [2]; *People v Jenkins*, 216 AD2d 193, *lv denied* 86 NY2d 843; *People v Cole*, 216 AD2d 128, 129, *lv denied* 86 NY2d 872); and that he was denied a fair trial by prosecutorial misconduct on summation (*see*, CPL 470.05 [2]; *People v Lovett*, 161 AD2d 1139, *lv denied* 76 NY2d 860). In any event, none of the contentions warrants reversal. The failure to instruct the jury on the presumption of innocence constitutes harmless error; proof of defendant's guilt is overwhelming, and the court gave a strong and unequivocal instruction regarding the People's burden of proof (*see, People v Guzman*, 164 AD2d 828; *People v Creech*, 101 AD2d 753, 754). Because defendant testified on direct examination regarding his drug habit, the prosecutor did not violate the court's *Sandoval* ruling by cross-examining defendant regarding his prior involvement with drugs (*see, People v Jenkins, supra; People v Cole, supra; People v Brugman*, 199 AD2d 202, 203, *lv denied* 83 NY2d 849; *People v Felder*, 186 AD2d 1050). Nor did the prosecutor violate the *Sandoval* ruling by cross-examining defendant regarding his use of aliases (*see, People v Walker*, 83 NY2d 455, 463-464; *People v Huynh*, 215 AD2d 168). The prosecutor's comments on summation regarding witness credibility were within the wide rhetorical bounds accorded to prosecutors in responding to the summation comments of defense counsel (*see, People v Boddie*, 226 AD2d 120, *lv denied* 88 NY2d 980, 1067; *People v Johnson*, 208 AD2d 562, *lv denied* 84 NY2d 937), and, although the remarks regarding drive-by shootings arguably linked defendant improperly to the lifestyle of gang members involved in such shootings, those isolated remarks were not so egregious as to deprive defendant of a fair trial (*see, People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

We also reject the contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.