■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. ARKIN, Appellant. [706 NYS2d 321] —Judgment,

Supreme Court, New York County (Bernard Fried, J., at hearing; Felice Shea, J., at jury trial and sentence), rendered June 20, 1997, convicting defendant of four counts of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to two concurrent terms of 20 years to life to be served consecutively to two additional concurrent terms of 20 years to life, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The hearing record supports the court's finding that the lineup was not impermissibly suggestive. We find that there was sufficient resemblance between defendant and the other participants in the lineup (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). In reviewing the suppression ruling, we are precluded from consideration of evidence elicited at trial but not at the hearing (*see, People v Giles*, 73 NY2d 666).

The court properly denied defendant's motion to suppress his clearly spontaneous statement to the police. Defendant did not preserve his claim that the statement, even if spontaneous, should nevertheless be suppressed as the product of an earlier, suppressed statement and we decline to review it in the interest of justice. Were we to review this claim, we would find that the spontaneous statement was not induced by any actions of the police (*see, People v Harris*, 57 NY2d 335, 342, *cert denied* 460 US 1047).

Defendant's challenge to the sufficiency of the evidence supporting one of the robbery counts is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the testimony of the complainant in question, viewed as a whole, sufficiently established that she witnessed defendant display a firearm (*see, People v Cole*, 216 AD2d 128, 129, *lv denied* 86 NY2d 872).

We find from our review of the entire record that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

We perceive no abuse of sentencing discretion. Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.