# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**372**

**KA 08-00122**

PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CHRISTOPHER L. WESTER, ALSO KNOWN AS C-MURDER,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Francis A. Affronti, J.), rendered November 21, 2007.  The judgment
convicted defendant, upon his plea of guilty, of kidnapping in the
second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
upon a plea of guilty of kidnapping in the second degree (Penal Law §
135.20) and assault in the second degree (§ 120.05 [2]).  We reject
defendant's contention that his attorney became a witness against him
and that he was thereby denied effective assistance of counsel.
Contrary to defendant's contention, the statements of defense counsel
in response to defendant's pro se motion to withdraw his guilty plea
were not adverse to defendant (*see People v Guerra-Pena*, 46 AD3d 1469,
*lv denied* 10 NY3d 765).  In any event, even if defendant is correct
that the statements were adverse to him, the record conclusively
establishes that Supreme Court's "rejection of [the] motion was not
influenced by" those statements (*People v Nawabi*, 265 AD2d 156, *lv
denied* 94 NY2d 865).  We also reject defendant's contention that he
was denied effective assistance of counsel based on defense counsel's
failure to make any arguments on defendant's behalf at sentencing.
There is no showing that any arguments by defense counsel would have
impacted the court's sentencing decision and, thus, "the failure of
[defense] counsel to speak on defendant's behalf at sentencing d[id]
not constitute ineffective assistance of counsel" (*People v Adams*, 247
AD2d 819, 819, *lv denied* 91 NY2d 1004, 1008).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court